Commonwealth *v.* Maloy, Appellant.

Submitted September 29, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Jack L. Bergstein,* for appellant.

*John K. Best,* Assistant District Attorney, and *Joseph M. Loughran,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, April 22, 1970:

On September 8, 1952, the appellant, Robert A. Maloy, was convicted by a jury in Westmoreland County of murder in the second degree. No post-trial motions were filed, and a sentence of 10 to 20 years imprisonment was imposed. No appeal was filed from the judgment. Throughout the proceedings, Maloy was represented by court-appointed counsel.

In November 1968, Maloy instituted proceedings seeking post-conviction relief. Counsel was again appointed to represent him, and after an evidentiary hearing, the proceedings were dismissed. An appeal from that order is presently before us.

The single question for decision is whether or not the lower court erred in concluding that Maloy waived his right to appeal from the judgment of sentence imposed in 1952.

It is now settled beyond argument that every person convicted of crime has the right to have his conviction and sentence reviewed through appeal, and if he is indigent to have his appeal perfected and prosecuted by appointed counsel without any expense to himself: *Douglas v. California,* 372 U.S. 353, 83 S. Ct. 814 (1963). And the decision in *Douglas* applies retroactively: *Smith v. Crouse,* 378 U.S. 584, 84 S. Ct. 1929 (1964). However, such a person is not required to appeal, and he may waive this right. But to be an effective waiver, the accused must be aware of all of his rights incident to an appeal, and with such knowledge intentionally abandon or fail to exercise them: *Commonwealth v. Wilson,* 430 Pa. 1, 241 A. 2d 760 (1968). And if the trial record is silent on the issue of waiver, the Commonwealth has the burden of establishing the

existence of an effective waiver: *Commonwealth v. Gist*, 433 Pa. 101, 249 A. 2d 351 (1969).[1]

The trial record in the instant case is silent as to the issue of waiver. At the "P.C.H.A." hearing, Maloy testified that no one, including his attorneys, ever informed him of his right to appeal, although he admitted that his counsel "did a wonderful job" in all other respects. In contradiction of this particular testimony, and in an effort to meet its burden of establishing a knowing and intentional waiver, the Commonwealth offered the testimony of Maloy's two trial counsel. They pertinently testified that they did not discuss the possibility of an appeal with Maloy after sentence was imposed, because he was completely satisfied and happy with the result. However, they stated that during the progress of the trial, when there was a good possibility Maloy might be convicted of murder in the first degree and sentenced to death,[2] they did advise him that if the jury's verdict were one of guilty of murder in the first degree with a sentence of death, "we would take an appeal automatically, regardless of the facts, and the Supreme Court would have to affirm it before we quit. [But] if it was not first degree with the electric chair, *then it would be up to him and his father also, . . . if they want to take an appeal.*" [Emphasis added.]

Even though the jury's finding of guilt was less than the trial evidence warranted, and the accused was pleased at the time with the verdict, he still had the

---

[1] In order to avoid any later contention that the accused was unaware of his right to appeal, we strongly urge that at the time of sentence the trial court or counsel advise the accused of and detail in clear language for the record all of his rights incident to the filing and prosecuting of an appeal.

[2] The prosecution resulted from the fatal shooting of a payroll clerk of a local business concern during an armed robbery. One of the other participants plead guilty, was adjudged guilty of murder in the first degree and was sentenced to death. Moreover, at trial, Maloy admitted his participation.

right to appeal. Also, since he was indigent, he further had the right to have the appeal perfected and prosecuted by "free counsel." While Maloy's trial counsel did advise him that they would appeal automatically if a first degree verdict with the death penalty were returned by the jury, they left it "up to him" if a lesser verdict of guilt were returned. This testimony does not support the lower court's conclusion that Maloy was fully aware of all of his rights incident to appeal, more specifically, his right to have his appeal perfected and prosecuted without expense to him. The present case differs substantially factually from *Commonwealth v. Freeman*, 438 Pa. 1, 263 A. 2d 403 (1970).

The order of the court below is vacated, and the record is remanded with directions to enter an order permitting Maloy to file within a reasonable time posttrial motions as if the same were timely filed. If such are filed and decided adversely to Maloy, he will then have the right to file an appeal in this Court as a matter of right.

It is so ordered.

Mr. Chief Justice BELL dissents.