Commonwealth *v.* Knuckles, Petitioner.

464

Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*John J. Dean,* Assistant Public Defender, for appellant.

*Carol Mary Los,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, March 25, 1971:
Following a jury trial and conviction for possession of narcotics, carrying a concealed weapon, armed robbery, and receiving stolen goods, the appellant was sen-

tenced to not less than nine or more than eighteen years imprisonment. No post-trial motions were filed nor was an appeal taken.

In April, 1967, Knuckles filed a PCHA petition alleging, *inter alia*, a denial of his right to appeal. This petition was originally dismissed without a hearing, but on appeal to the Superior Court was remanded for an evidentiary hearing "to determine whether appellant has knowingly and intelligently waived his right to appeal and the assistance of appellate counsel". Following the hearing, the trial judge found that Knuckles' trial counsel had advised him of his right to file post-trial motions and his right of further appeal to the Superior Court, and that there had been a knowing waiver of that right.

As we have frequently held, the right of appeal cannot be segregated from the *Douglas* right of assistance of counsel for that purpose. Accordingly, the Commonwealth's burden of proof at the hearing was to show that appellant knew he could appeal and that as an indigent he had the right to court-appointed counsel who would serve without cost to him. *Commonwealth v. Wilson*, 430 Pa. 1, 5, 241 A. 2d 760 (1968). The record below, although it indicates that appellant may have been told that he could appeal, is completely silent as to whether appellant was at any point informed or was aware that he was entitled to free court-appointed counsel if indigent.

In *Commonwealth v. Freeman*, 438 Pa. 1, 263 A. 2d 403 (1970), we held that a defendant need not be expressly informed in particular words of his right to court-appointed counsel on appeal in order for a court to find a waiver of that right. The facts and circumstances must show, however, that a defendant is aware of his rights before he can knowingly and intelligently waive them. *Commonwealth v. Maloy*, 438 Pa. 261, 265,

264 A. 2d 697 (1970). Such awareness by appellant is not disclosed by the record in this case.

The petition for allowance of appeal is granted, the order of the Superior Court is reversed and the case is remanded to the Court of Common Pleas of Allegheny County with directions to appoint counsel for petitioner to file post-trial motions *nunc pro tunc* and to assist in any appellate procedures which may follow disposition of such motions.

Mr. Justice COHEN took no part in the decision of this case.