## Commonwealth *v.* Wallace, Appellant.

Submitted March 18, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*David E. Auerbach,* for appellant.

*John M. Kenney, John G. Siegle,* and *Ralph B. D'Iorio,* Assistant District Attorneys, and *Stephen J. McEwen, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., June 21, 1974:

Appellant was found guilty by a jury of possession and sale of narcotics, and was sentenced by the court to a term of 3 to 6 years imprisonment. For the reasons stated hereinafter, we reverse the order of the court below denying relief under a Post Conviction Hearing Act petition and grant appellant leave to file a direct appeal *nunc pro tunc* with this Court.

Appellant was brought before the lower court for sentencing on November 21, 1972. Immediately after sentencing, the court advised the appellant that he had the right to appeal and the right to have an attorney provided for that purpose at no cost. The court did not, however, inform the appellant that the appeal would have to be taken within 30 days. It is the appellant's contention[1] that he was unaware of the time limit and that the court's failure to inform him of this limitation so abridged or obstructed his right to appeal that his failure to perfect an appeal within 30 days must be excused. The Commonwealth alleges that although not informed on the record, the appellant had actual knowledge of the time limit and that his failure to appeal operated as a waiver.

"It is well settled that every person convicted of a crime has the right to have his conviction and sentence reviewed through appeal, and if he is indigent to have his appeal prosecuted by appointed counsel at no expense to himself." *Commonwealth v. Perrine*, 223 Pa. Superior Ct. 486, 487, 302 A.2d 432, 433 (1973); *see Douglas v. California*, 372 U.S. 353 (1963); *Commonwealth ex rel. Light v. Cavell*, 422 Pa. 215, 220 A.2d 883 (1966). The accused can waive his right to appeal if the waiver is an "intentional relinquishment or abandonment of a known right," *Commonwealth ex rel. Light v. Cavell*, supra at 218, 220 A.2d at 884, but "a finding of waiver is not to be made lightly and . . . every reasonable presumption against a waiver will be indulged . . . ." *Commonwealth ex rel. Edowski v. Maroney*, 423 Pa. 229, 236, 223 A.2d 749, 753 (1966). The burden of establishing any such waiver of the right

---

[1] The claims of the appellant are vague and ambiguous in part. It is, however, clear from the record and the testimony at the PCHA hearing that appellant was never informed of the time limit within which he was required to exercise his appeal right.

to appeal is upon the Commonwealth. *Commonwealth v. Wilson,* 430 Pa. 1, 241 A.2d 760 (1968); *Commonwealth ex rel. Robinson v. Myers,* 427 Pa. 104, 233 A.2d 220 (1967).

It is elementary that "[t]o intelligently waive a right, the accused must first know what that right is." *Commonwealth v. Wilson,* supra at 4, 241 A.2d at 763. Although it is clear from the record that the appellant was told he had the *right* to appeal, he was not told of the *extent* of that right. The Court in *Commonwealth v. Wilson,* supra, cautioned that the record should include "a full examination of the accused sufficient to demonstrate that he is aware of his right to appeal and his right to counsel for that purpose, *and that he understands the full import of these rights . . . ."* *Id.* at 6, 241 A.2d at 763 (emphasis added). For a waiver to be effective "the accused must be aware of all of his rights incident to an appeal, and *with such knowledge* intentionally abandon or fail to exercise them . . . ." *Commonwealth v. Maloy,* 438 Pa. 261, 263, 264 A.2d 697, 698 (1970) (emphasis added).

The right to direct appeal is viable for only a short time, but it is an undeniably important right. From an accused who is not aware of its fleeting nature, it may escape unwillingly and unknowingly. Such an escape, however, is not consistent with the concept of waiver. The appellant herein clearly never intended to waive his right to file a direct appeal with this Court.[2]

---

[2] In this case appellant was informed by his privately retained counsel immediately after sentencing that she could not and would not represent him for his appeal. While at the courthouse, he spoke momentarily to an individual from the public defender's office who said he would "look into" the case; but the appellant did not know the name of the individual and never heard from him further. Appellant's brother was attempting to retain private counsel and meanwhile appellant prepared and filed a "Motion for Reconsideration of Sentence." Within a week after the expiration of the 30

Had he been clearly informed[3] that he had but 30 days within which to appeal, he could not now complain; but the facts and circumstances must show that a defendant is aware of his rights before he can knowingly and intelligently waive them. *Commonwealth v. Knuckles*, 448 Pa. 463, 275 A.2d 653 (1972). In this case there has been no such showing.

Order of the court below is vacated; appellant is granted leave to file a direct appeal *nunc pro tunc* with this Court within 30 days of the date of this opinion.

days, appellant requested his former attorney by letter to forward his case file to an attorney retained by his brother. This attorney eventually declined to accept the case, and appellant petitioned the court approximately 60 days after sentencing to appoint an attorney to represent him in his appeal.

[3] Pa. R. Crim. P. 1405(b) now requires the court to inform the defendant of the time limit within which he must exercise his right of appeal.