417 A.2d 694

**COMMONWEALTH of Pennsylvania**

v.

**Hulan MARSHALL, Appellant.**

Superior Court of Pennsylvania.

Argued April 10, 1979.

Filed Jan. 4, 1980.

Zanita Zacks-Garbiel, Assistant Public Defender, Erie, for appellant.

Shad Connelly, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before CERCONE, President Judge, and WIEAND and HOFFMAN, JJ.

CERCONE, President Judge:

On March 30, 1978, appellant pleaded guilty to three counts of delivery of a controlled substance and one count of criminal conspiracy (Nos. 2260 and 2261 of 1977). On June 8, 1978, appellant appeared in court for imposition of sentences on these offenses and, in addition, for sentencing on two other charges to which he had pled guilty in 1964 and 1967, but had never been sentenced on. Immediately prior to the imposition of sentence, appellant made an oral request to withdraw his pleas to the 1977 offenses. This request was denied and a sentence of two and one-half to five years imprisonment followed by several years on probation was imposed. Sentence was suspended on the 1964 and 1967 offenses.

Seven days later, on June 15, 1978, appellant's privately retained trial counsel was granted permission to withdraw as counsel in the case. The following day appellant filed a *pro se* petition under the Post Conviction Hearing Act (PCHA).[1] On June 22, 1978, appellant filed a *pro se* petition to amend his PCHA petition so as to include ineffectiveness of counsel.[2] On July 6, 1978, the public defender was assigned to represent appellant and, on that same date, filed an appeal in this court from all of the sentences imposed on June 8, 1978.

On this appeal, appellant raises numerous alleged errors[3] in the proceedings below. None of these contentions, how-

1. Act of January 25, 1966, P.L. (1965) 1580, 19 P.S. § 1180–1 et seq. (Supp.1978–79).

2. The record does not reflect any hearing having been held or disposition made on appellant's PCHA petition.

3. Appellant contends that the guilty plea colloquy of March 30, 1978, was deficient; that his pleas were unlawfully induced; that the court erred in considering alleged prejudicial and inflammatory statements made by the prosecutor and a police officer at the time of sentencing; that the court erred in refusing to grant appellant's oral request to withdraw his pleas; that the court erred in imposing suspended

ever, were raised in the court below either by a written petition to withdraw the pleas, or by a motion challenging the propriety of the sentences. As a consequence, these issues have not been preserved for our review. *See generally, Commonwealth v. Carter*, 463 Pa. 310, 344 A.2d 846 (1975); *Commonwealth v. Blair*, 460 Pa. 31, 332 A.2d 441 (1975); *Commonwealth v. Roberts*, 237 Pa.Super. 336, 352 A.2d 140 (1975); Pa.R.Crim.P. 321 and 1410.

Since, however, appellate counsel argues that trial counsel was ineffective in failing to file the appropriate post-verdict motions necessary to preserve these issues for appellate review, our analysis at this juncture would normally commence with an inquiry as to whether the omitted issues are arguably meritorious. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977). Nonetheless, given the confusion which prevailed in the proceedings below, including the fact that appellant's trial counsel withdrew from the case before the period for filing a challenge to the guilty pleas and sentences had expired, *See* Pa.R.Crim.P. 321 and 1410; and that our review of the record persuades us that appellant's undisposed of PCHA petition constituted an attempt to withdraw his pleas, *See Commonwealth v. Beatty*, 474 Pa. 104, 376 A.2d 994 (1977); *Commonwealth v. Schwartz*, 251 Pa.Super. 36, 379 A.2d 319 (1977), we believe the interests of justice and orderly procedure would be better served by remanding the case to the court below to permit appellant (with the assistance of counsel) to petition that court to withdraw his pleas and/or challenge his sentences.

Accordingly, the judgment of sentences are vacated and the case remanded for proceedings consistent with this opinion.

sentences on the offenses to which appellant had pleaded guilty in 1964 and 1966; and, most importantly, that trial counsel was ineffective in, among other things, failing to file appropriate post-verdict motions.