436 A.2d 1196

**COMMONWEALTH of Pennsylvania,**

**v.**

**Marie L. ALDINGER, Appellant.**

Superior Court of Pennsylvania.

Submitted June 29, 1979.

Filed Oct. 30, 1981.

Ronald F. O'Driscoll, Assistant Public Defender, Norristown, for appellant.

John J. Burfete, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before SPAETH, STRANAHAN and SUGERMAN, JJ.*

SUGERMAN, Judge:

Appellant appeals from a judgment of sentence of total confinement imposed by the court below following revocation of probation theretofore granted Appellant.

The facts are not in dispute and it appears that on August 23, 1978, Appellant pleaded guilty to a charge of Retail Theft, Second Offense,[1] and on the same day, was sentenced

---

\* President Judge John Q. Stranahan, of the Court of Common Pleas of Mercer County, Pennsylvania, is sitting by designation.

   Judge Leonard Sugerman, of the Court of Common Pleas of Chester County, Pennsylvania, is sitting by designation.

1. 18 Pa.C.S.A. § 3929.

to pay the costs of prosecution and a fine in the sum of $200.00, and was placed on probation for a term of one year. In addition to complying with the usual terms and conditions required of probationers in Montgomery County, the court directed Appellant to pay the fine and costs not later than September 1, 1978.

On October 19, 1978, the Adult Probation Department of Montgomery County charged Appellant with violating four conditions of probation in that she (1) failed to pay the fine and costs, in the sum of $265.65; (2) failed to appear at the office of the Probation Department, as directed; (3) submitted a urine sample which upon testing reflected the presence of methadone, a controlled substance,[2] and quinine, a commonly-used drug "cutting" agent; and (4) was found in possession of two Talwin tablets which were not the subject of a valid prescription.[3]

On October 10, 1978, Appellant admitted the four violations, waived her right to a *Gagnon I*[4] hearing and on November 2, 1978, appeared with counsel before the lower court for a *Gagnon II* hearing. At the latter hearing, Appellant testified at length. In addition, the record made at the hearing reflects an earlier discussion among the court, Appellant's counsel, a probation officer, an assistant District Attorney and a representative of "Cluster House", a drug rehabilitation center located in Montgomery County. Although the details of the discussion do not appear, the record of the hearing does indicate that Cluster House was willing to accept Appellant in its drug rehabilitation program as an

2. Methadone is a controlled substance, 35 P.S. § 780–104(2)(ii), and possessing it unlawfully constitutes a misdemeanor, 35 P.S. § 780–113(a)(16) and 35 P.S. § 780–113(b).

3. Talwin is described in *The Physicians' Desk Reference* (35th ed. 1981) as a potent analgesic, similar in effect to codeine. The substance is obtained only by prescription and dispensers are warned that psychological and physical dependence can result from the use of Talwin by patients with a history of abuse. *Id.* at 1909. Instantly the record reveals that Appellant has a history of drug abuse.

4. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

alternative to incarceration, and that Appellant was willing to participate in the program.

At the conclusion of the hearing, the Court stated:

"THE COURT: All right, I am satisfied in my own heart and mind that you are not a good prospect for rehabilitative benefits of Cluster House. I feel that that which you've said here under oath is honest and straightforward.

I see an individual twenty-three years old who has been away from her family for five years and hanging around the Norristown area, always involved with drug-related individuals, and probably went for detox at a time when you were down and out, when you needed it. As a result of recommendations made by them you went to Clearbrook, and in essence you busted out of there.

Your activities upon your return indicated that you were right back into the same drug-related individuals that you probably left. The only reason you're talking about Cluster House is because it's probably in Norristown. I don't think that you have a good grasp of your problems.

The only way that I can resolve that is to get you out of this area and see whether a different kind of environment than what you've been experiencing for the last five years will have some benefit to you. And that's going to be up to you. That which you can make where I'm going to send you is that which you can make here, and it's all up to you.

And at the end of your minimum, or before your maximum there's some reason to give you some special consideration for a change in your sentence, then I will consider it at that time, depending on your performance."

The Court thereupon revoked Appellant's probation, again ordered her to pay the costs of prosecution and a fine in the sum of $200.00, and sentenced her to a term of total confinement of not less than one or nor more than two years at the State Correctional Institution at Muncy, Pennsylvania.

154

On appeal, Appellant contends in a two-pronged attack that the lower court failed to articulate on the record the reasons for the sentence imposed reflecting due consideration of the guidelines set forth in the Sentencing Code,[5] and that the sentence was unduly harsh and excessive.

■ At the outset we note that Appellant's counsel failed to object to the sentence at the time it was imposed and failed to thereafter file a motion to modify the sentence pursuant to Pa.R.Crim.P. 1410 or a petition for reconsideration. In the usual case, the failure of counsel to interpose a timely objection at the sentencing proceeding results in a waiver of the issue, *Commonwealth v. Walls*, 481 Pa. 1, 391 A.2d 1064 (1978); *Commonwealth v. Cruz*, 265 Pa.Super. 474, 402 A.2d 536 (1979), as does the failure to file an appropriate motion to modify the sentence imposed. *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977); *Commonwealth v. Brown*, 288 Pa.Super. 171, 431 A.2d 343 (1981); *Commonwealth v. Turecki*, 278 Pa.Super. 511, 420 A.2d 658 (1980); *Commonwealth v. Marshall*, 273 Pa.Super. 370, 417 A.2d 694 (1980); *Commonwealth v. Moore*, 271 Pa.Super. 494, 414 A.2d 362 (1979). Thus, we should ordinarily find the issues raised by Appellant on this appeal as waived and dismiss the appeal.

■ On the date sentence was imposed at bar, however, Pa.R.Crim.P. 1405 was and is yet in effect, and subsection (c) of the Rule requires inter alia that at the time of sentencing, the judge shall advise the defendant on the record of the right to file motions challenging the propriety of the sentence within 10 days and that only claims raised in the lower court may be raised on appeal.

■ Notwithstanding the applicability of the Rule to the instant proceeding, the lower court failed to advise Appellant of any such rights. In Pennsylvania, every person has the right to appellate review of a sentence imposed upon

5. 1974, Dec. 30, P.L. 1052, No. 345, §§ 1 et seq., 18 Pa.C.S.A. §§ 1301 et seq. (latter amended 1980, Oct. 5, P.L. 693, No. 142, § 401(a), and transferred to the Judicial Code, 42 Pa.C.S.A. §§ 9701 et seq.)

such person, *Commonwealth v. Wallace*, 229 Pa.Super. 172, 323 A.2d 182, 183 (1974), and while this important right may be waived, the waiver must be an intentional and intelligent relinquishment or abandonment of a *known* right. *Id.*, 229 Pa.Super. at 174, 323 A.2d at 183. It follows, then, that to intelligently waive a right, such person must first know the nature of that right. *Commonwealth v. Hill*, 492 Pa. 100, 422 A.2d 491 (1980) (collect cases); *Commonwealth v. Wallace, supra*; *Commonwealth v. Knuckles*, 448 Pa. 463, 275 A.2d 653 (1971); *Commonwealth v. Maloy*, 438 Pa. 261, 264 A.2d 697 (1970); *Commonwealth v. Wilson*, 430 Pa. 1, 241 A.2d 760 (1968).

In the circumstances at bar we cannot say that Appellant was aware that she had the right to file a motion for modification of sentence with the lower court within 10 days of the date sentence was imposed or suffer a waiver of the issue on appeal. We thus address the merits.[6]

## I.

The Supreme Court in *Commonwealth v. Riggins, supra*, made clear that a trial court at the time sentence is imposed, must articulate the reasons for the imposition of its sentence.[7] In *Commonwealth v. Kostka*, 475 Pa. 85, 379 A.2d 884 (1977), the same court mandated that such statement of reasons, or at least the record of the sentencing proceeding

**6.** In *Commonwealth v. Rush*, 281 Pa.Super. 92, 421 A.2d 1163 (1980), the record, as here, was silent on the question of whether appellant had been advised of his right to file a motion to modify a sentence within 10 days. Nevertheless, appellant did file such motion approximately one month subsequent to the date sentence was imposed. The lower court dismissed the motion as untimely. In the face of the silent record, we pointed out that the burden was upon the Commonwealth to show the defendant waived or abandoned a mandated right, *Id.*, 281 Pa.Super. at 93, 421 A.2d at 1164, and finding that the Commonwealth had failed to carry that burden, we remanded to the lower court with instructions to entertain appellant's petition for modification of sentence. We do not remand instantly as the record is adequate to permit a meaningful review. We are also aware that the sentencing judge is now deceased.

**7.** Pa.R.Crim.P. 1405(b), adopted in response to *Riggins*, requires the sentencing judge, at the time of sentencing, to "state on the record the reasons for the sentence imposed."

itself, must reveal that the court considered and accorded weight to the statutory guidelines set forth in the Sentencing Code.[8]  *Id.,* 475 Pa. at 91–93, 379 A.2d at 887–88.

■ The requirements of *Riggins* and *Kostka* are equally applicable when a court imposes sentence following the revocation of probation. *Commonwealth v. Plutko,* 286 Pa. Super. 400, 428 A.2d 1390 (1981); *Commonwealth v. Cappiello,* 284 Pa.Super. 476, 426 A.2d 146 (1981); *Commonwealth v. Steward,* 276 Pa.Super. 64, 419 A.2d 96 (1980); *Commonwealth v. DeLuca,* 275 Pa.Super. 176, 418 A.2d 669 (1980); *Commonwealth v. Mallon,* 267 Pa.Super. 163, 406 A.2d 569 (1979); *Commonwealth v. Reggie,* 264 Pa.Super. 427, 399 A.2d 1125 (1979); *Commonwealth v. Cottle,* 260 Pa.Super. 85, 393 A.2d 1024 (1978).

Thus, at the time the trial judge imposes sentence following the revocation of probation, he or she must articulate on the record the reasons for the particular sentence imposed, and those reasons,

"... should reflect the judges consideration not only of those sentencing criteria enumerated in the Sentencing Code ... but also the circumstances of the offense and the character of the offender ... [citations omitted]". *Commonwealth v. DeLuca,* supra, 275 Pa.Super. at 179, 418 A.2d at 671.

This Court has not, however, required the trial judge to list those criteria of the Sentencing Code and detail his or her response to each. *Commonwealth v. Zimmerman,* 282 Pa.Super. 286, 422 A.2d 1119 (1980); *Commonwealth v. Doyle,* 275 Pa.Super. 373, 418 A.2d 1336 (1979); *Commonwealth v. Wicks,* 265 Pa.Super. 305, 401 A.2d 1223 (1979).[9] We insist only that the record indicate the trial judge's cognizance and consideration of these factors at the time of sentencing. *Commonwealth v. DeLuca,* supra, 275 Pa.Super. at 179, 418 A.2d at 671.

8.  18 Pa.C.S.A. § 1321, et seq.

9.  But see *Commonwealth v. Doyle,* supra 275 Pa.Super. at 384–385, 418 A.2d at 1342 and *Commonwealth v. Wareham,* 259 Pa.Super. 527, 533–34, 393 A.2d 951, 954 (1978).

At bar, it is clear from an examination of the quoted statements of the trial judge, *supra,* that the reasons for imposition of Appellant's sentence were articulated on the record at the time sentence was imposed. Judge MOSS, the sentencing judge identified on the record, the several factors underlying the sentence, in compliance with *Riggins.*[10]

Our inquiry, then, must focus upon the question of whether such reasons reveal a cognizance and consideration of the criteria of the Sentencing Code.

Upon revocation of probation, a court may not impose a sentence of total confinement unless it finds that:

"(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court." 18 Pa.C.S.A. § 1371(c)

■ Here, it is clear that subsection (1) was not implicated as Appellant had not been convicted of another crime. We do find, however, that the sentence falls within the purview of subsection (2). The court expressly found and the record reflects that Appellant was not responding to probationary treatment and within a few weeks of the commencement of probation, had ingested a controlled substance and was again involved in the drug culture. Although the Court did not so state, it is apparent that the Court determined that

---

10. At the date sentence was imposed upon Appellant, we considered a sentencing proceeding to be in compliance with *Riggins* if the reasons underlying the sentence, although not stated on the record by the sentencing judge at the time sentence was imposed, were at least set forth in his opinion. *See, e. g., Commonwealth v. Cottle,* 260 Pa.Super. 85, 393 A.2d 1024 (1978). It is important to note, however, that we have since held that the reasons for the sentence *must* be placed upon the record at the time sentence is imposed and that setting forth such reasons in an opinion filed later is not an acceptable substitute. *See, e. g., Commonwealth v. Cappiello,* supra; *Commonwealth v. Young,* 272 Pa.Super. 82, 414 A.2d 679 (1979). *And see Commonwealth v. Giffin,* 279 Pa.Super. 264, 420 A.2d 1134 (1980) (HOFFMAN and SPAETH, JJ., concurring) and *compare Commonwealth v. Turecki,* supra.

unless incarcerated, Appellant would in all likelihood commit another crime.[11]

It is also clear from the record that the sentencing judge considered not only the factors enumerated in the Sentencing Code, but the circumstances giving rise to the revocation proceeding and the character of Appellant. *Commonwealth v. DeLuca*, supra 275 Pa.Super. at 179, 418 A.2d at 671. Although counsel for Appellant and the prosecutor took part in the revocation hearing, much of the record consists of a dialogue between Appellant and the sentencing judge. In the course of the court's inquiry, in addition to its concern about Appellant's probation violations, it is apparent that the court was concerned about Appellant's continued use of drugs while on probation (N.T. 12, 14); her failure to complete a drug rehabilitation program in which she had earlier enrolled, (N.T. 11–12); her failure to seek or maintain employment and an appropriate residence (N.T. 13–14); and her continued association with a shoplifter and others in the drug culture (N.T. 14–15, 20).[12] In addition, the court was familiar with Appellant's circumstances at the time probation was granted. We are more than satisfied that the lower court complied with the letter and spirit of *Riggins*, and the Sentencing Code, and considered and accorded appropriate weight to the pertinent sentencing factors. We discern no error.

## II.

Appellant also asserts that the sentence imposed upon her was "unduly harsh and excessive" in view of her desire to attend, and her acceptance into a drug rehabilitation program at Cluster House. Appellant argues that the drug

11. In all likelihood, Appellant did in fact commit another crime during probation as she conceded that she ingested methadone 27 days subsequent to the imposition of probation. As we have observed, the possession of methadone, a controlled substance, is a misdemeanor.

12. It appears from the record that the sentencing judge repeatedly expressed a desire to remove Appellant from her environment while on probation to a regulated and controlled setting.

program, in her view an appropriate alternative to a sentence of total confinement, was not considered by the sentencing judge.

It is first of all apparent that Judge MOSS *did* consider and ultimately reject the program as an alternative to the sentence he imposed. As we earlier observed, the record indicates that the judge and counsel discussed the program with a representative of Cluster House. (N.T. 22). In addition, the judge noted on the record that he had received an evaluation of Appellant as prepared by Cluster House. Finally, Judge MOSS expressly referred to Cluster House and Appellant's desire to attend. He found her expressed desire to be less than sincere and he specifically referred to her prior failure to complete a similar program. (N.T. 24). The record also indicated that the judge was aware of another occasion when Appellant failed to complete a drug program. (N.T. 17). We cannot say, in the circumstances, that rejection of the alternative offered by Appellant was in any manner an abuse of discretion.

Apart from the refusal of the sentencing judge to place Appellant in a drug program, she asserts no other basis underlying her contention that the sentence was excessive. We were confronted by a similar record in *Commonwealth v. DeLuca*, supra, and we said pertinently:

"Appellant argues, however, that even conceding compliance with *Riggins* and *Kostka*, the sentence imposed was patently too severe. While it is true that this court and our supreme court have the power and responsibility to vacate a sentence determined to be so manifestly excessive as to constitute too severe a punishment, *Commonwealth v. Martin*, [466 Pa. 118, 351 A.2d 650 (1976)], it is insufficient to simply assert an unduly harsh sentence, the record must show it. *See Commonwealth v. Shoemaker*, 226 Pa.Super. 203, 313 A.2d 342 (1973). We must constantly recall that when it becomes apparent that the probationary order is not serving the desired end, the court's discretion in imposing a more appropriate order should not be fettered, *Commonwealth v. Kates*, 452 Pa.

102, 305 A.2d 701 (1973), and we should not be hasty in constraining the discretion of the trial judge . . ." *Id.*, 275 Pa.Super. at 180, 418 A.2d at 671.

*And see Commonwealth v. Roberts*, 263 Pa.Super. 237, 397 A.2d 1187, (1978); *Commonwealth v. Valentin*, 259 Pa.Super. 496, 393 A.2d 935, 937 (1978).

In sum, we do not find the sentence imposed upon Appellant excessive or unduly harsh, and as it does not exceed any legislative limitation, we will not disturb it on appeal.

Affirmed.