J. S69022/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                              :                PENNSYLVANIA
                    v.                   :
                                         :
CORTEZ JIVAN CARNEY,            :           No. 1696 EDA 2015
                                         :
             Appellant      :


Appeal from the Judgment of Sentence, May 6, 2015,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0006937-2011


BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND OLSON, J.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED JANUARY 13, 2016**

Cortez Jivan Carney appeals from the judgment of sentence entered on May 6, 2015, in the Court of Common Pleas of Delaware County.

On October 6, 2011, appellant, who was 19-years old, was arrested for contacting, communicating with, and arranging to have sex with a 14-year-old female.  He was charged with corruption of minors, contact/communication with minor, and harassment.[1]

On January 30, 2014, appellant entered a negotiated plea of guilty to the offenses of corruption of minors and harassment.  In accordance with the plea, appellant was sentenced to five years of probation.  The conditions of his probation included, **_inter alia_**, forfeiture of his cell phone, no contact

---

[1] 18 Pa.C.S.A. § 6301(a)(1), § 6318(a)(1), and § 2709(a)(2), respectively.

with the victim, completion of sexual offender's treatment program, no alcohol, and no contact with minors without an adult present.

On April 14, 2015, appellant violated the terms of his probation by having improper contact with a minor.[2] A hearing was held on May 6, 2015, in accordance with ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973). At the hearing, appellant stipulated that he was in violation of his probation. (Transcript of proceedings, 5/16/15 at 3.) Appellant also indicated, through counsel, that he had a mental health problem and asked that he be given treatment for it as part of his new sentence. (***Id.***) The trial court adopted the recommendation of appellant's probation officer, revoked appellant's probation, and resentenced him to a term of time-served (22 days) to 23 months of incarceration with three years' consecutive probation. The trial court granted his request to include mental health treatment at the prison. The court ordered that appellant be immediately paroled upon completion of the sexual offender program at the Delaware County Prison and an approved parole plan with general and special sex offender rules. (***Id.*** at 3-4.) When asked whether he understood his right to ask the court for reconsideration, appellant replied that he understood "[n]one of it, like I'm having handicaps, I'm having a challenge completely." (***Id.*** at 5.)

---

[2] Appellant admitted having contact with his minor sister ***via*** Facebook and text messaging. At appellant's request, his minor sister sent appellant an inappropriate picture of her buttocks and appellant admitted to having masturbated to the picture multiple times.

Appellant filed a timely notice of appeal and was ordered to file a concise statement of matters complained of on appeal on June 8, 2015. In response to this order, counsel stated his intent to withdraw on the basis of frivolity. *Anders v. California*, 386 U.S. 738 (1967); *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). Appellant's counsel filed both an *Anders* brief and a petition to withdraw as counsel. The following principles guide our review of this matter.

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof . . . .
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

***Commonwealth v. Wrecks***, 931 A.2d 717, 720-721 (Pa.Super. 2007) (citations omitted). Our supreme court has clarified portions of the ***Anders*** procedure:

> [I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

Based upon our examination of counsel's petition to withdraw and ***Anders*** brief, we conclude that counsel has substantially complied with the technical requirements set forth above. Therefore, we must now make a full examination of the proceedings and make an independent judgment to decide whether the appeal is, in fact, wholly frivolous. ***Commonwealth v. Flower***s, 113 A.3d 1246, 1249 (Pa.Super. 2015), quoting ***Santiago***, 978 A.2d at 354 n.5.

Counsel presented this court with one issue of arguable merit concerning a challenge to the discretionary aspects of his sentence. That is: whether the new maximum sentence of 23 months of incarceration is harsh and excessive in light of appellant's mental health problem?

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Allen**, 24 A.3d 1058, 1064 (Pa.Super. 2011) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b). **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa.Super.2006).

**Id.**

At the outset we note that counsel has not included the requisite Pa.R.A.P. 2119(f) statement in the brief.[3]   However, we note that "[w]here counsel files an **Anders** brief, this court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement.  Hence, we do not consider

---

[3] In pertinent part, Rule 2119 provides:

> An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence.  The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence.

Pa.R.A.P. 2119(f).

counsel's failure to submit a Rule 2119(f) statement as precluding review of whether Appellant's issue is frivolous." ***Commonwealth v. Zeigler***, 112 A.3d 656, 661 (Pa.Super. 2015) (citations omitted).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Prisk***, 13 A.3d 526, 533 (Pa.Super. 2011). Further:

> A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

***Id.*** (internal citations omitted).

Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. 42 Pa.C.S.A. § 9771(b). However, the imposition of total confinement upon revocation requires a finding that either "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned, or (3) such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S.A. § 9771(c).

Section 9721, which governs sentencing generally, provides that in all cases where the court "resentences an offender following revocation of probation . . . the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons

- 6 -

for the sentence imposed." *Id.* Failure to comply with these provisions "shall be grounds for vacating the sentence or resentence and resentencing the defendant." *Id. See also Commonwealth v. Aldinger*, 436 A.2d 1196 (Pa.Super. 1981) (stating that a trial court must state its reasons on the record when it imposes sentence following revocation of probation).

Additionally, we have noted that the reasons stated for a sentence imposed should reflect the court's consideration of the criteria of the Sentencing Code, 42 Pa.C.S.A. § 9701 *et seq.*, the circumstances of the offense, and the character of the offender. *Commonwealth v. DeLuca*, 418 A.2d 669, 670 (Pa.Super. 1980).

We have reviewed the sentencing transcript. The probation officer who testified at the May 6, 2015 hearing, only stated that "defendant is in violation of his probation" and that he "also stipulates to the violations." (Transcript of proceedings, 5/16/15 at 3.) Aside from those brief statements, there was no other discussion on the record of why the court sentenced appellant as it did. There was no pre-sentence investigation report. There was no discussion on the record whatsoever as to how the court arrived at the sentence. The trial court gave no reasons for the sentence. It gave no indication that it considered appellant's character, any mental health problems, or the circumstances of the offense for which he was sentenced. The court merely stated, "Court adopts the recommendation of Adult Probation and Parole." (*Id.* at 4.)

In **_Commonwealth v. Riggins_**, 377 A.2d 140 (Pa.Super. 1977), we explained:

> The benefits of requiring the trial court to state its reasons for the imposition of its sentence are manifold: First, requiring the trial court to articulate its reasons for selecting a sentence will promote more thoughtful consideration of relevant facts and will help rationalize the sentencing process. It will safeguard against arbitrary decisions and prevent consideration of improper and irrelevant factors. It will minimize the risk of reliance upon inaccurate information contained in the presentence report . . . . Finally, a statement of reasons will be invaluable in aiding appellate courts to ascertain whether the sentence imposed was based upon accurate, sufficient and proper information.

**_Id._** at 147-148.

Here, the trial court failed to state any reason whatsoever on the record for the sentence imposed on appellant. As a result, we are unable to determine from this record whether the sentence imposed was based upon accurate, sufficient, and proper information. Therefore, we are constrained to vacate the judgment of sentence and remand the matter to afford the trial court an opportunity to resentence appellant and to include a statement of reasons for sentence imposed.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished. Counsel's petition to withdraw is denied.

J. S69022/15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/13/2016