J-S58034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ALFRED STOUDT | : | |
| | : | |
| Appellant | : | No. 427 MDA 2017 |

Appeal from the Judgment of Sentence February 13, 2017
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0000690-2014

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ALFRED STOUDT | : | |
| | : | |
| Appellant | : | No. 428 MDA 2017 |

Appeal from the Judgment of Sentence February 13, 2017
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0002416-2002

BEFORE:  GANTMAN, P.J., SHOGAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY GANTMAN, P.J.:                **FILED DECEMBER 27, 2017**

Appellant, Alfred Stoudt, appeals from the judgment of sentence entered in the Berks County Court of Common Pleas, following revocation of his probation.  We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows.

> At Docket CP-06-CR-0002416-2002 ("2416-02"), [Appellant] pled guilty to three counts of Theft By

Deception-False Impression on [October 21, 2002].[1] Judge Ludgate, now retired, sentenced Appellant to not less than nine (9) nor more than twenty-three (23) months' incarceration, and fourteen (14) years' probation. No further action was needed on this docket for several years.

In 2015, Appellant was arrested on new charges related to sexual offenses. On March 31, 2015, at Docket CP-06-CR-0000690-2014 ("690-14"), [Appellant] pled guilty to two charges, indecent assault and stalking.[2] As pursuant to the Commonwealth's procedure with sexual offenses, sentencing was deferred until the Pennsylvania Sexual Offender Assessment Board could evaluate Appellant. On July 16, 2015, [at docket 690-14, the court] sentenced [Appellant] to 364 to 729 days' incarceration to be followed by five (5) years' probation. [Appellant] was found not to be a sexually violent predator.

Appellant's new conviction resulted in a violation of the terms of his probation, which had been imposed at 2416-02. On September 21, 2015, following Appellant's admission to his probation violation, [the court] sentenced him to an additional seven (7) years' probation, to commence at the expiration of the five (5) years' probation given at 690-14.

Once paroled from his sentence of incarceration at 690-14, Appellant violated the terms of his parole and probation. A [*Gagnon II*] hearing was held and Appellant admitted these violations on June 23, 2016. In an attempt to avoid a state sentence, Appellant was sentenced in two parts. At part one of the stalking charges [Appellant] was incarcerated for a period of 77 days to 23 months, which was a time served sentence. At part two of the stalking charges, [Appellant] received three years' probation consecutive to part one.

---

[1] 18 Pa.C.S.A. § 3922(a)(1).

[2] 18 Pa.C.S.A. §§ 3126(a)(8), 2709.1(a)(2), respectively.

The instant matter began on November 30, 2016[,] and was based on averments that Appellant had failed to comply with a special condition of his parole/probation, failure to comply with sex offender treatment. A formal [**Gagnon II**] hearing was held for this matter on February 13, 2017. After hearing testimony, [the court] found that Appellant was in violation of the terms of his parole and probation. Resultant from this finding, at 690-14 part 1, Appellant's parole was revoked and [Appellant] was recommitted to serve the maximum sentence originally imposed or until such time as [Appellant] could present a suitable parole plan. Additionally, at part two of the stalking charges, [Appellant] was sentenced to a period of incarceration of one (1) to three (3) years. Concurrent with this period of incarceration, at 2416-02, [the court] sentenced Appellant to a period of incarceration of one (1) to three (3) years.

Following sentencing, a timely [post-sentence] motion was filed on both dockets. [The court] denied both motions on February 27, 2017. Appellant then [timely] filed two appeals, one for each docket, on [March 8, 2017]. Subsequently, Appellant [timely] filed two concise statements of errors pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure.

(Trial Court Opinion, filed May 4, 2017, at 1-2 unpaginated). This Court *sua sponte* consolidated Appellant's appeals on March 23, 2017. On June 22, 2017, Appellant's counsel filed a motion to withdraw and an **Anders** brief.

As a preliminary matter, appellate counsel seeks to withdraw her representation pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are

wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. ***Santiago, supra*** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1290 (Pa.Super. 2007). "After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." ***Commonwealth v. Palm***, 903 A.2d 1244, 1246 (Pa.Super. 2006) (quoting ***Commonwealth v. Townsend***, 693 A.2d 980, 982 (Pa.Super. 1997)).

In ***Santiago, supra***, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither ***Anders*** nor ***McClendon***[3] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under ***Anders*** are references to anything in the record that might arguably support the appeal.
>
> *   *   *
>
> Under ***Anders***, the right to counsel is vindicated by

---

[3] ***Commonwealth v. McClendon***, 495 Pa. 467, 434 A.2d 1185 (1981).

counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

*Santiago, supra* at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 178-79, 978 A.2d at 361.

Instantly, appellate counsel filed a petition for leave to withdraw. The petition states counsel performed a conscientious review of the record and concluded the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of the withdrawal petition, the brief, and a letter explaining Appellant's right to proceed *pro se* or with new privately-retained counsel to raise any additional points Appellant deems worthy of this Court's attention. In her *Anders* brief, counsel provides a summary of the facts and procedural history of the case. Counsel refers to facts in the record that might arguably support the issues raised on appeal and offers citations to relevant law. The brief also provides counsel's reasons for concluding that the appeal is frivolous. Thus, counsel has substantially complied with the requirements of *Anders* and *Santiago*.

Appellant has filed neither a *pro se* brief nor a counseled brief with new privately-retained counsel. We will review the issues raised in the *Anders* brief:

> WHETHER APPELLANT'S SENTENCE TO BE RECOMMITTED TO SERVE THE MAXIMUM SENTENCE ORIGINALLY IMPOSED FOLLOWED BY A SENTENCE OF NOT LESS THAN ONE NOR MORE THAN THREE YEARS TO THE BUREAU OF CORRECTIONS FOR CONFINEMENT IN A STATE CORRECTIONAL FACILITY WAS MANIFESTLY EXCESSIVE, CLEARLY UNREASONABLE, AND CONTRARY TO THE FUNDAMENTAL NORMS UNDERLYING THE SENTENCING CODE GIVEN THE CIRCUMSTANCES OF THE CASE, NAMELY THE TECHNICAL NATURE OF THE VIOLATIONS AS WELL AS APPELLANT'S ADVANCED AGE AND HEALTH CONDITIONS[?]
>
> WHETHER THE SENTENCING COURT ERRED AND ABUSED ITS DISCRETION IN DENYING APPELLANT'S POST SENTENCE MOTION FOR MODIFICATION OF SENTENCE, WHERE SUCH DENIAL WAS CONTRARY TO THE GENERAL PRINCIPLES UNDERLYING THE SENTENCING CODE, IN THAT THE PROTECTION OF THE PUBLIC, THE GRAVITY OF THE OFFENSE AS IT RELATES TO THE IMPACT ON THE LIFE OF THE VICTIM AND THE COMMUNITY, AND APPELLANT'S INDIVIDUAL REHABILITATIVE NEEDS WERE NOT CONSIDERED WHERE LESS RESTRICTIVE MEANS TO UPHOLD THE PRINCIPLES OF THE SENTENCING CODE ARE AVAILABLE GIVEN APPELLANT'S ADVANCED AGE AND HEALTH CONDITIONS AS WELL AS THE TECHNICAL NATURE OF THE VIOLATION[?]

(*Anders* Brief at 7).

When reviewing the outcome of a revocation proceeding, this Court is limited to determining the validity of the proceeding, the legality of the judgment of sentence imposed, and the discretionary aspects of sentencing. *Commonwealth v. Cartrette*, 83 A.3d 1031, 1033-34 (Pa.Super. 2013)

- 6 -

(*en banc*) (explaining that, notwithstanding prior decisions which stated our scope of review in revocation proceedings is limited to validity of proceedings and legality of sentence, we unequivocally hold that this Court's scope of review on appeal from revocation sentencing also includes discretionary sentencing challenges).

Appellant argues the court ignored the sentencing factors set forth at 42 Pa.C.S.A. § 9721(b), which requires the court to consider the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and Appellant's rehabilitative needs. Specifically, Appellant insists the court ignored the rehabilitative needs of an 87-year-old man with numerous medical problems. Appellant contends staff at his treatment facility told him that if he could not afford to pay for treatment, then he should not attend treatment sessions. Appellant admits this misunderstanding resulted in a technical violation, but he maintains his attendance at treatment sessions over a six-month period shows his willingness to engage in rehabilitation. Appellant submits the court violated fundamental fairness under the Sentencing Code, which creates a substantial question regarding the appropriateness of the sentence.

Appellant asserts he does not meet the standard required for a sentence of total confinement under the three prongs of 42 Pa.C.S.A. § 9771(c). Appellant states he did not commit a new crime, his age and medical conditions indicate he is unlikely to commit a new crime, and

imprisonment for an ill, elderly man is not essential to vindicate the court's authority. Appellant complains the court abused its discretion when it resentenced Appellant following revocation of probation. As presented, Appellant's issues challenge the discretionary aspects of his sentence.[4] **See Commonwealth v. Lutes**, 793 A.2d 949 (Pa.Super. 2002) (explaining claim that sentence is manifestly excessive challenges discretionary aspects of sentencing); **Commonwealth v. Cruz-Centeno**, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (stating allegation court ignored mitigating factors challenges discretionary aspects of sentencing).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. **Commonwealth v. Mouzon**, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). This Court must evaluate what constitutes a substantial question on a case-by-case basis. **Commonwealth v. Paul**, 925 A.2d 825 (Pa.Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were

---

[4] Appellant preserved this claim in his motion for modification of sentence and counsel included a statement pursuant to Pa.R.A.P. 2119(f) in her **Anders** brief.

either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa.Super. 2000).

A claim of excessiveness can raise a substantial question as to the appropriateness of a sentence under the Sentencing Code, even if the sentence is within the statutory limits. *Mouzon, supra* at 430, 812 A.2d at 624. Bald allegations of excessiveness, however, do not raise a substantial question to warrant appellate review. *Id.* at 435, 812 A.2d at 627. Rather, a substantial question exists "only where the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process…." *Id. See, e.g., Cartrette, supra* (indicating claim that revocation court ignored appropriate sentencing factors raises substantial question). An allegation that the sentencing court failed to consider a specific mitigating factor, however, does not necessarily raise a substantial question. *Commonwealth v. Berry*, 785 A.2d 994 (Pa.Super. 2001) (holding claim that sentencing court ignored appellant's rehabilitative needs failed to raise substantial question).

In the context of probation revocation and resentencing, the Sentencing Code provides, in pertinent part:

> **§ 9771. Modification or revocation of order of probation**

**(a) General rule.**—The court may at any time terminate continued supervision or lessen or increase the conditions upon which an order of probation has been imposed.

**(b) Revocation.**—The court may revoke an order of probation upon proof of the violation of specified conditions of the probation. Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.

**(c) Limitation on sentence of total confinement.**—The court shall not impose a sentence of total confinement upon revocation unless it finds that:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

*    *    *

42 Pa.C.S.A. § 9771(a)-(c). "The reason for revocation of probation need not necessarily be the commission of or conviction for subsequent criminal conduct. Rather, this Court has repeatedly acknowledged the very broad standard that sentencing courts must use in determining whether probation has been violated." ***Commonwealth v. Colon***, 102 A.3d 1033, 1041 (Pa.Super. 2014), *appeal denied*, 631 Pa. 710, 109 A.3d 678 (2015).

"[T]he revocation of a probation sentence is a matter committed to the

- 10 -

sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." ***Commonwealth v. MacGregor***, 912 A.2d 315, 317 (Pa.Super. 2006). Following the revocation of probation, the court may impose a sentence of total confinement if any of the following conditions exist: the defendant has been convicted of another crime; the conduct of the defendant indicates it is likely he will commit another crime if he is not imprisoned; or, such a sentence is essential to vindicate the authority of the court. ***See*** 42 Pa.C.S.A. § 9771(c).

Pursuant to Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "[T]he court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." ***Id.*** Nevertheless, "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence…." ***Commonwealth v. Crump***, 995 A.2d 1280, 1283 (Pa.Super. 2010), *appeal denied*, 608 Pa. 661, 13 A.3d 475 (2010). Rather, "the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." ***Id. See also Commonwealth v. Carrillo-***

*Diaz*, 64 A.3d 722 (Pa.Super. 2013) (explaining where revocation court presided over defendant's no contest plea hearing and original sentencing, as well as his probation revocation hearing and sentencing, court had sufficient information to evaluate circumstances of offense and character of defendant when sentencing following revocation).

Here, the court explained its revocation sentencing rationale as follows:

> Appellant claims that the [c]ourt erred and abused its discretion because of the technical nature of the violations and Appellant's advanced age and health conditions. However, the record is clear that [the court] considered such factors among several others. [The court] stated:
>
> > I have taken into account — I've been the judge on this case since it started so I'm well familiar with the general background of the case, the disposition of the case, I was the judge when the violations from last summer were adjudicated and I'm here today in the continuing saga. I've taken into account the information that I have received both from the testimony that was heard [at the February 13, 2017 *Gagnon II* hearing] and from Appellant.
>
> By this statement, [the court] included [its] previous knowledge of the case and [its] prior decisions made in sentencing. Additionally, by taking into account [Appellant's] testimony [the court] considered his advanced age and health conditions. [Appellant] only moments before, in his allocution, made statements about his poor hearing and use of a pacemaker. The [c]ourt did not believe it necessary to repeat this testimony. Also, the [c]ourt, having just completed the formal [*Gagnon II*] hearing, was well aware of the technical nature of the violations, which [the court] considered during sentencing.

(Trial Court Opinion, *supra*, at 3-4 unpaginated) (internal citations omitted).

We see no reason to disrupt the court's analysis. **See MacGregor, supra**.

Additionally, Appellant's complaint that the sentencing court did not adequately consider specific mitigating factors (his age and medical conditions) and his bald claim of sentence excessiveness arguably do not raise substantial questions meriting review. **See Mouzon, supra**; **Berry, supra**. Nevertheless, we observe the revocation court presided over Appellant's original sentencing on docket number 690-14, and his first violation of probation ("VOP") under docket number 2416-02. During the **Gagnon II** hearing on February 23, 2017, the Commonwealth presented evidence of Appellant's technical VOP for failure to attend sex offender treatment. The court stated it was familiar with the general background of the case and took into account Appellant's testimony about his age and health conditions. The court subsequently revoked Appellant's probation and resentenced him under both dockets. The record as a whole makes clear the revocation court considered the facts of Appellant's case and his character per Section 9721(b), and set forth adequate reasons to justify the VOP sentence. **See Carrillo-Diaz, supra**; **Crump, supra**. The record also confirms the court imposed a sentence of total confinement consistent with Section 9771(c). **See** 42 Pa.C.S.A. § 9771(c). **See also Commonwealth v. Malovich**, 903 A.2d 1247 (Pa.Super. 2006) (holding record evidenced that court imposed sentence of total confinement following revocation of appellant's probation to vindicate court's authority, where appellant had not

complied with previous judicial efforts such as drug court, had not "been putting anything into" court-imposed rehabilitation efforts, and it was important for appellant to appreciate seriousness of his actions; record as whole reflected court's reasons for sentencing as well as court's consideration of circumstances of appellant's case and character); *Commonwealth v. Cappellini*, 690 A.2d 1220 (Pa.Super. 1997) (holding appellant's continued drug use as well as his resistance to treatment and supervision, was sufficient for court to determine appellant would likely commit another crime if not incarcerated); *Commonwealth v. Aldinger*, 436 A.2d 1196 (1981) (explaining sentence of total confinement was proper where record reflected appellant had violated probation by using drugs; court considered circumstances giving rise to revocation proceeding and appellant's character).  Following our independent review of the record, we conclude the appeal is wholly frivolous.[5]  *See Palm, supra*.  Accordingly, we

_____

[5] The record showed Appellant pled guilty to indecent assault, a Tier II offense under the Sexual Offender Registration and Notification Act ("SORNA"), which required him to report as a sex offender for twenty-five (25) years.  We are aware of our Supreme Court's recent decision that held SORNA violated the *ex post facto* clauses of the United States and Pennsylvania Constitutions, and this Court's recent decision that held unconstitutional the sexually violent predator designation under SORNA because it required additional fact-finding after trial.  *See Commonwealth v. Muniz*, ___ Pa. ___, 164 A.3d 1189 (2017); *Commonwealth v. Butler*, ___ A.3d ___, 2017 PA Super 344 (filed October 31, 2017).  These recent decisions, however, do not affect the present case, because Appellant's guilty plea to indecent assault and the imposition of SORNA reporting requirements occurred after the effective date of SORNA, Appellant was not

*(Footnote Continued Next Page)*

affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/27/17

---

*(Footnote Continued)* ————————

designated as a sexually violent predator, the Tier II classification for the offense is defined by statute and requires no additional fact-finding after trial.