486 A.2d 495

**COMMONWEALTH of Pennsylvania**

**v.**

**Darnell MATHEWS, Appellant.**

Superior Court of Pennsylvania.

Submitted March 26, 1984.

Filed Dec. 21, 1984.

92

Richard S. Levine, Assistant Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before SPAETH, President Judge, and BROSKY and MONTGOMERY, JJ.

SPAETH, President Judge:

While on probation for a 1979 conviction, appellant was convicted of receiving stolen property. A probation revocation hearing was held, probation was revoked, and appellant was sentenced to 1–5 years for the 1979 conviction. On appeal, appellant's only argument is that the trial court did not adequately state its reasons for the sentence imposed. We agree and therefore reverse and remand for resentencing.

 When a trial court imposes sentence following revocation of probation, it must state its reasons on the record. *Commonwealth v. Aldinger*, 292 Pa.Super. 149, 436 A.2d 1196 (1981). The reasons stated should reflect the court's consideration of the criteria of the Sentencing Code, 42 Pa.C.S. § 9701 *et seq.*, the circumstances of the offense, and the character of the offender. *Commonwealth v. DeLuca*, 275 Pa.Super. 176, 418 A.2d 669 (1980). Although the sentencing court need not list and address each of the criteria of the Sentencing Code, *Commonwealth v. Zimmerman*, 282 Pa.Super. 286, 422 A.2d 1119 (1980), the record must reflect that the criteria were considered. *Commonwealth v. DeLuca, supra.*

The trial court gave the following reasons for its sentence:

> The defendant has a very bad record, and we gave him a break the last time. He was found guilty as indicted, and he was placed on probation for a period of time, five years, on an offense that was a felony of the third degree. And he had violated his probation.
>
> So we gave him the chance there. And he was new to the system at the time we did that.
>
> However, at this point in time, there comes a time when we feel we had ought to get rid of the probation office for giving us bum advice, or we ought to pay attention to them giving us advice that we perhaps from time to time ignore because we give in to the pleadings of counsel or the defendant.
>
> It's not that we get any pleasure sending people to jail when we don't learn otherwise. There has to be some solution other than goin[g] out, come back in the program, leaving the program, go back to the program. N.T. 10–11.

 The Commonwealth argues that 42 Pa.C.S.A. § 9771(c) specifically permits a sentence of total confinement after probation is revoked because a defendant has

been convicted of another crime, and that, by implication, nothing further need be stated. § 9771(c) provides:

> *Limitation* on sentence of total confinement.—The court *shall not* impose a sentence of total confinement upon revocation *unless* it finds that:
>
> (1) the defendant has been convicted of another crime; or
>
> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3) such a sentence is essential to vindicate the authority of the court.

*Id.* (emphasis added).

We do not agree that this section permits a sentence of total confinement simply because one has been convicted of a crime. Rather, the plain interpretation of it is that it limits the trial court's ability to impose a sentence of total confinement for probation violations. The court *shall not* impose a sentence of total confinement *unless* one of three circumstances is present. These circumstances, that the defendant has been found guilty of a crime, that he is likely to commit another crime, or that the authority of the court needs to be vindicated, are necessary, but not sufficient, to impose a sentence of total confinement. They are prerequisites to such a sentence.

■ Once these prerequisites have been established, the court should consider the Sentencing Code's criteria for total confinement, the character of the defendant, and the circumstances of the crime for which sentence is being imposed. *Commonwealth v. DeLuca, supra.* The Sentencing Code provides that

> The court shall impose a sentence of total confinement if, having regard to the nature and circumstances of the crime and the history, character, and condition of the defendant, it is of the opinion that the total confinement of the defendant is necessary because:

(1) there is undue risk that during a period of probation or partial confinement the defendant will commit another crime;

(2) the defendant is in need of correctional treatment that can be provided most effectively by his commitment to an institution; or

(3) a lesser sentence will depreciate the seriousness of the crime of the defendant.

42 Pa.C.S. § 9725.

■ The reasons for sentence given by the trial court sufficiently indicate that the sentencing criteria were considered. The court considered the history of the defendant ("The defendant has a very bad record"), and that commitment to an institution would be more effective than a continuation of probation ("there has to be some solution other than going out, come back in the program"). Although a conviction while on probation is not by itself enough to warrant imposition of a sentence to total confinement, we find that the reasons given for the sentence adequately indicate that the sentencing criteria were considered.

■ However, the reasons for sentence give no indication that the court considered either the character of the defendant, or the circumstances of the offense for which he was sentenced. Appellant had had a problem with drugs and had been pursuing treatment. N.T. 5. In its reasons for sentence, the trial court did not mention this. There is also no mention of the circumstances of the crime for which he was sentenced, the 1979 conviction. The trial court did not mention what that crime was. Defendant was not, and could not be, sentenced for violation of probation, but rather for his 1979 conviction. Since the trial court did not expressly consider the character of the defendant or the circumstances of that offense, we shall reverse and remand for resentencing.

So ordered.