**COMMONWEALTH of Pennsylvania,
Appellee,**

v.

**Bernard HILL, Appellant.**

Superior Court of Pennsylvania.

Submitted July 10, 2000.
Filed Oct. 19, 2000.

*v. Simeone*, 222 Pa.Super. 376, 294 A.2d 921    (1972).

Karl Baker, Philadelphia, for appellant.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for the Com., appellee.

Before JOHNSON, ORIE MELVIN, and OLSZEWSKI, JJ.

OLSZEWSKI, J.:

¶ 1 Bernard Hill appeals from the judgment of sentence entered on September 28, 1999, in the Court of Common Pleas of Philadelphia County. We vacate the judgment of sentence and remand for resentencing.

¶ 2 The trial court aptly and simply set forth a summary of the facts as follows:

> On September 12, 1998, Officer Burnett Monroe, a corrections officer at the Curan–Fromholme Correctional Facility ("CFCF"), asked inmate Bernard Hill, Appellant, to leave the dining area because he had finished his breakfast and other inmates needed the space for their breakfast. After inmate Hill refused to move, Officer Monroe ordered him to return to his cell. While escorting Appellant to his cell, Appellant turned and punched Officer Monroe several times in the face. Other officers assisted in subduing Appellant and he was rearrested on assault charges. As a result of the assault, Officer Monroe injured his eye and back and missed three days of work.
>
> Appellant was convicted by a jury of Simple Assault and Aggravated Assault. . . .

Trial Court Opinion, 3/2/00, at 1–2 (citations to record omitted).

¶ 3 Appellant was sentenced to five to ten years' incarceration. *See* N.T., 9/29/99, at 48–49. Under the sentencing guidelines, the standard sentence would have been 27 to 40 months plus or minus six months. *See* N.T., 9/29/99, at 46–47.

¶ 4 In this appeal, appellant argues that the trial court failed to obtain adequate and sufficient information from a pre-sentence investigation or a comparable source to make a sentence determination that deviated from the sentencing guidelines.

¶ 5 Sentencing is a matter vested in the discretion of the trial court and will only be disturbed on appeal if the court manifestly abused its discretion. *See Commonwealth v. Gribble*, 550 Pa. 62, 703 A.2d 426, 437 (1997). A trial judge who sentences outside of the guidelines must demonstrate on the record his awareness of the sentencing guidelines. *See Commonwealth v. Davis*, 737 A.2d 792, 798–99 (Pa.Super.1999). When a court chooses to depart from the standard range in the sentencing guidelines, it must state on the record the reasons for its departure. *See Commonwealth v. Byrd*, 441 Pa.Super. 351, 657 A.2d 961, 963–64 (1995).

¶ 6 This case is similar to *Commonwealth v. Goggins*, 748 A.2d 721, (Pa.Super.2000) (*en banc*), a recent *en banc* panel decision of our Court. In *Goggins*, our Court held that the trial court below had abused its discretion by conducting an inadequate pre-sentence inquiry in lieu of a pre-sentence investigation report. *See Goggins*, 748 A.2d at 729. Our Court stated that a sentencing judge must either order a pre-sentence report or conduct a pre-sentence inquiry which apprises the court of the circumstances of the offense, not limited to those of record, and the defendant's personal history and background. *See id.* at 728. Moreover, a more extensive and careful inquiry is required in felony convictions where long terms of imprisonment are contemplated. *See id.* Of particular importance to the instant case, the *Goggins* Court also stated that a trial court's discretion to dispense with a pre-sentence report is limited to situations where the information contained in a pre-sentence report is available from another source. *See id.* at 729.

¶ 7 The essential and adequate elements of a pre-sentence report include all of the following:

(A)  a complete description of. the offense and the circumstances surrounding it, not limited to aspects developed for the record as part of the determination of guilt;

(B)  a full description of any prior criminal record of the offender;

(C)  a description of the educational background of the offender;

(D)  a description of the employment background of the offender, including any military record and including his present employment status and capabilities;

(E)  the social history of the offender, including family relationships, marital status, interests and activities, residence history, and religious affiliations;

(F)  the offender's medical history and, if desirable, a psychological or psychiatric report;

(G)  information about environments to which the offender might return or to which he could be sent should probation be granted;

(H)  supplementary reports from clinics, institutions and other social agencies with which the offender has been involved;

(I)  information about special resources which might be available to assist the offender, such as treatment centers, residential facilities, vocational training services, special educational facilities, rehabilitative programs of various institutions to which the offender might be committed, special programs in the probation department, and other similar programs which are particularly relevant to the offender's situation;

(J)  a summary of the most significant aspects of the report, including specific recommendations as to the sentence if the sentencing court has so requested.

*Id.* at 728–29.

¶ 8 During the pre-sentence inquiry in *Goggins*, the trial court asked the following questions:

THE COURT: It occurs to me that it is likely Mr. Goggins is going to go to state prison, and we are overcrowded here in

Philadelphia and there is no reason for us to be housing state prisoners here if we don't have to.

I'll ask some questions and if I have enough information, I may be able to dispense with psychiatric and presentencing report. You can always ask for reconsideration, and if necessary we can order one then. I'll ask some questions now for the purposes of sentencing.

He is how old?

DEFENDANT: Twenty.

THE COURT: How far did you go in school?

THE DEFENDANT: Eleventh grade.

THE COURT: You live with your mother?

THE DEFENDANT: Yes, I do.

THE COURT: Have any drug or alcohol use?

THE DEFENDANT: No.

THE COURT: Are you employed?

THE DEFENDANT: [No.]

\* \* \* \*

THE COURT: Does Defendant have any prior convictions?

DEFENSE COUNSEL: Juvenile convictions, Your Honor.

*Id.* at 730. Upon review, our Court stated, "[i]n light of our Supreme Court's clear direction concerning the detailed inquiry necessary for an adequate pre-sentence investigation, the summary nature of the trial court's inquiry here renders its decision not to order a PSI report a clear abuse of discretion. By comparison to the extensive inquiry prefatory to a PSI report, the trial court's colloquy is a meager and inadequate substitute. The court asked only the most obvious and superficial questions, the anticipated answers to which might have been given by virtually any defendant." *Id.*

¶ 9 In the case *sub judice,* the trial court conducted the following inquiry:

THE COURT: What do you want to tell me about Mr. Hill for purposes of sentencing, Counsel?

MR. KRANTZ: Your Honor, Mr. Hill does have family in the area he is close to. Unfortunately, because of a medical condition in that family, they were unable to attend yesterday and today. This would be my request for a short date so we can have family members here to speak on his behalf.

THE COURT: Let's hear from the Commonwealth and see whether we will need that or not. Bear in mind that Mr. Hill is in state custody.

THE DEFENDANT: I want a sentencing today.

MR. KRANTZ: Well, Your Honor, my client has indicated that he wants to be sentenced today.

THE COURT: All right. Anything further you want to tell me?

MR. KRANTZ: He is currently 40 years of age, Judge. He does have a new grandson –

I'm sorry. – a new grandson, 14 months.

THE DEFENDANT: It doesn't even matter, man.

MR. KRANTZ: He has expressed to me a willingness and a real desire to be a part of his grandson's life. I believe if he does choose to address Your Honor, he would express remorse. I don't know if he's going to exercise his right to have elocution, Judge. The only thing that I would point out is that the guidelines in this case are 27 to 40, plus or minus six, and the other only thing that I could mention is that the convictions which gave rise to the prior-record score of being a repeat felony offender, many of them did occur quite a few numbers of years ago. I would ask you to take that into consideration and give him a sentence in the standard range.

THE COURT: Do you want to say anything, Mr. Hill?

THE DEFENDANT: I have nothing to say, your Honor.

THE COURT: Okay. Commonwealth?

MS. PRADHAN: Your Honor, Mr. Hill is a repeat offender. In this case, as Mr. Krantz did indicate, the standard range is 27 to 40, plus or minus six. Your Honor, the Commonwealth would be asking for an aggravated-range sentence. My offer at the beginning of this trial was three and a half to seven. I would ask that you max Mr. Hill out on this matter.

THE COURT: What does he have in terms of priors?

MS. PRADHAN: Your Honor, he was sentenced on July 30th, 1999, of a burglary in Judge Wood–Skipper's room, and sentenced to one to three on that case. Prior to that, in 1996, he has an F–2 aggravated assault. In 1990, he has a conviction for a theft, unlawful taking. Also in 1990, he has an attempted burglary. In 1982, he has a robbery conviction. In 1981, he has got a theft. He's got another burglary in 1979, which he was re-sentenced for in 1982, and he has a theft case from 1978.

Your Honor, from his record, it would be the Commonwealth's assertion that Mr. Hill is a career criminal, and at this point he has been given numerous chances.

THE COURT: It seems like that to me. Although his prior-record score would stop at five, I guess he probably has a record-score of a 10 or 12 if we counted them all.

MS. PRADHAN: Probably. And because of his conviction for felony-one and felony-two convictions, he is considered a repeat offender.

THE COURT: Anything you want to say, Mr. Hill?

Stand up.

I want you to understand, I'm giving you the sentence that I am going to give you because of your past record, because of the nature of this offense, which is very, very serious. It's unfortunate that people have to be incarcerated, but when they are incarcerated, they also have to follow the rules. In your case, you apparently didn't wish to follow the rules, and you attacked one of the persons who every day put themselves in jeopardy to make sure that people like you don't come out to bother society. Because of the seriousness and the nature of the offense, because of your prior background, I am going to impose a sentence of not less than five, no more than 10 years in the state correctional institution. That will be consecutive to anything that you are now serving.

N.T., 9/29/99, at 45–49.

■ ¶ 10 When compared to the "inadequate" colloquy in *Goggins*, the trial court's inquiry in this case was also insufficient. The trial court did not examine the social and family history of appellant beyond counsel's statement that appellant has a grandson. The trial court failed to investigate appellant's employment background. The trial court did not discuss appellant's education and potential for vocational training. The trial court failed to consider appellant's mental status and the possibility of a psychiatric or psychological examination. Neither party offered evidence of appellant's medical history. The trial court did not consider appellant's interests and activities, residence history, and religious affiliations. Finally, the trial court failed to inquire into appellant's prior participation in any social programs or clinics.

¶ 11 Despite appellant's apparent willingness to be sentenced immediately, *Goggins* clearly evidences a responsibility of a trial court to delve into the factors found within a pre-sentence report. The record lacks evidence of such an inquiry in the case *sub judice*. While we agree with the trial court that the assault was a serious offense, we are constrained by the recent *en banc Goggins* decision to remand this case for resentencing. We instruct the trial court to either order a pre-sentence report or conduct a full pre-sentence inquiry taking into consideration the essential and adequate elements of a pre-sentence report. Judgment of sentence vacated.

Remanded for resentencing. Jurisdiction relinquished.