J-S68006-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SHAWN KNIGHT, | |
| Appellant | No. 2229 EDA 2013 |

Appeal from the Judgment of Sentence Entered June 27, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):
CP-51-CR-0002728-2010
CP-51-CR-0002729-2010

BEFORE:  BENDER, P.J.E., DONOHUE, J., and MUNDY, J.

MEMORANDUM BY BENDER, P.J.E.:            **FILED DECEMBER 15, 2015**

Appellant, Shawn Knight, appeals from the judgment of sentence of an aggregate term of 2½ to 5 years' imprisonment, imposed after the court revoked his term of probation based on a new conviction in an unrelated case.  Appellant challenges the discretionary aspects of his sentence.  After careful review, we vacate the judgment of sentence and remand the case for re-sentencing.

The procedural history of this case was summarized by the trial court in its Pa.R.A.P. 1925(a) opinion as follows:

> While on the Honorable Shreeves-Johns['] probation for the crimes of theft by deception (M1), theft by unlawful taking (M1) and unauthorized use of a motor vehicle (M2), [Appellant], along with a co-conspirator, committed a gunpoint robbery of a Best Buy retail location and held the manager at gunpoint while tying up several employees using plastic zip-ties.  On April 11,

2012, Judge Trent sentenced [A]ppellant to nine (9) to twenty (20) years['] imprisonment for the armed robbery.

This court conducted a violation of probation hearing on June 27, 2013. The court found [A]ppellant in direct violation of Judge Shreeves-Johns['] probation. In view of the fact that [Appellant] was on probation for serious charges when he participated in this armed robbery of a Best Buy retail location, this [c]ourt sentenced him to two and one-half (2½) to five (5) years['] incarceration consecutive to any other sentences being served.

Appellant filed a timely Motion to Reconsider Sentence which was denied. A Notice of Appeal to the Superior Court of Pennsylvania was timely filed on July [1]9, 2013. An Order was issued pursuant to Pa.R.A.P. 1925(b) and a timely statement [of] errors complained [of] on appeal was filed on May 29, 2014.

Trial Court Opinion (TCO), 1/16/15, 1-2.

On appeal, Appellant raises the following sole issue for our review:

Did not the lower court violate the tenets of the Sentencing Code, which mandate individualized sentencing, where the court utterly failed to consider [A]ppellant's background, character[,] or rehabilitative needs and imposed an excessive sentence of two and a half to five years of consecutive confinement for two misdemeanor theft cases, on a violation of probation?

Appellant's Brief at 3.

Initially, we note that Appellant's allegations relate to the discretionary aspects of his sentence.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and

- 2 -

(4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed.

*Commonwealth v. Moury*, 992 A.2d 162, 179 (Pa. Super. 2010) (citations and internal quotations omitted).

Here, the record clearly reflects that Appellant filed a timely notice of appeal, properly preserved his claim in his post-sentence motion, and included a Rule 2119(f) statement in his appellate brief in compliance with the Pennsylvania Rules of Appellate Procedure. Thus, we proceed to determine whether Appellant has raised a substantial question to meet the fourth requirement of the four-part test outlined above.

As we explained in *Moury*:

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Id.* at 170 (citations and internal quotations omitted).

In his Rule 2119(f) statement, Appellant asserts that the trial court abused its discretion by failing to consider his rehabilitative needs, order a pre-sentence report, inquire about his individual circumstances, or state any reason on the record for the sentence imposed. Appellant's Brief at 8. We

look to relevant case law to guide us in determining whether Appellant's assertions raise a substantial question.

In **Commonwealth v. Lewis**, 595 A.2d 593 (Pa. Super. 1991), *rev'd on other grounds*, 636 A.2d 619 (Pa. 1994), the appellant similarly claimed that the trial court failed to consider his background, character, or prior record at the time of sentencing, failed to state a reason for the sentence imposed, and failed to order a pre-sentence report. In support of our conclusion that a substantial question existed in **Lewis**, we explained that:

> 42 Pa.C.S. § 9725 mandates that the sentencing court consider not only the nature and circumstances of the crime, but also the history, character, and condition of the defendant. Thus, appellant's argument that the court focused solely on the crime advances a colorable claim that the sentencing court acted in a manner contrary to the Sentencing Code. Therefore, it is clear that it raises a substantial question that the sentence imposed is inappropriate under the Sentencing Code as [a] whole and supports an appeal from the discretionary aspects.

**Lewis**, 595 A.2d at 599-600. **See also Commonwealth v. Flowers**, 950 A.2d 330 (Pa. Super. 2008) (holding that an allegation that the trial court imposed a sentence without considering the requisite statutory factors or stating adequate reasons for dispensing with a pre-sentence report raises a substantial question); **Commonwealth v. Cappellini**, 690 A.2d 1220 (Pa. Super. 1997) (finding that whether the trial court abused its discretion by failing to state of record any reason for the sentence imposed constitutes a substantial question for purposes of allowance of appeal).

Based on our review of relevant case law, we deem Appellant's issues as constituting substantial questions regarding the appropriateness of the sentence imposed. Therefore, we grant Appellant's petition for allowance of appeal and address the merits of his claims.

When we consider an appeal from a sentence imposed following the revocation of probation, our standard of review is well settled:

> Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion. An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous. It is also now accepted that in an appeal following the revocation of probation, it is within our scope of review to consider challenges to both the legality of the final sentence and the discretionary aspects of an appellant's sentence.

***Commonwealth v. Crump***, 995 A.2d 1280, 1282 (Pa. Super. 2010) (citations omitted).

Appellant argues that the trial court "failed to engage in any meaningful individualized sentencing," as it failed to order a pre-sentence investigative (PSI) report and did not inquire into his background, character, or rehabilitative needs prior to imposing his sentence. Appellant's Brief at 10. After careful review, we are constrained to agree.

The Pennsylvania Rules of Criminal Procedure vest a sentencing judge with the discretion to order a PSI report as an aid in imposing an

individualized sentence. ***Commonwealth v. Carrillo-Diaz***, 64 A.3d 722, 725 (Pa. Super. 2013). ***See*** Pa.R.Crim.P. 702(A)(1), (2)(a).[1]

> The first responsibility of the sentencing judge is to be sure that he has before him sufficient information to enable him to make a determination of the circumstances of the offense and the character of the defendant. Thus, a sentencing judge must either order a PSI report or conduct sufficient presentence inquiry such that, at a minimum, the court is apprised of the particular circumstances of the offense, not limited to those of record, as well as the defendant's personal history and background. … The court must exercise the utmost care in sentence determination if the defendant is subject to a term of incarceration of one year or more….

> To assure that the trial court imposes sentence in consideration of both the particular circumstances of the offense and the character of the defendant, our Supreme Court has specified the minimum content of a PSI report.

---

[1] Rule 702 provides, in relevant part, as follows:

> **(A)  Pre-sentence Investigation Report**
>
>> (1)  The sentencing judge may, in the judge's discretion, order a pre-sentence investigation report in any case.
>>
>> (2)  The sentencing judge shall place on the record the reasons for dispensing with the pre-sentence investigation report if the judge fails to order a pre-sentence report in any of the following instances:
>>
>>> (a)  When incarceration for one year or more is a possible disposition under the applicable sentencing statutes[.]

Pa.R.Crim.P. 702(A)(1), (2)(a).

*Commonwealth v. Goggins*, 748 A.2d 721, 728 (Pa. Super. 2000). In sum, the "essential and adequate elements" of a PSI report include the following: a complete description of the offense and the circumstances surrounding it; a full description of any prior criminal record of the offender; a description of the educational background of the offender; a description of the employment background of the offender, including his present employment status and capabilities; the social history of the offender; the offender's medical history; information about environments to which the offender might return; supplementary reports from clinics, institutions and other social agencies with which the offender has been involved; and information about special resources which might be available to assist the offender. *Id.* at 728, 729. While case law does not require that the sentencing court order a PSI report under all circumstances, "the cases do appear to restrict the court's discretion to dispense with a PSI report to circumstances where the necessary information is provided by another source." *Carillo-Diaz*, 64 A.3d at 726.

In the instant case, no PSI report was ordered, nor is there evidence that the court utilized another source to provide it with the information needed in order to properly issue an individualized sentence.[2] It is clear that

_____

[2] In its Rule 1925(a) opinion, the trial court states that "the appellant's background and character were set forth in his Gagnon-II Summary demonstrating a despicable robbery of a Best Buy retail location whereby a firearm was held to another human being's head while others were tied up
*(Footnote Continued Next Page)*

in the absence of a PSI report, the trial court must conduct a detailed pre-sentence inquiry which delves into the factors found within a proper PSI report. ***Commonwealth v. Hill***, 761 A.2d 1188, 1190, 1992 (Pa. Super. 2000) (citing ***Goggins***, 748 A.2d at 728-730). However, the record is also completely lacking of any pre-sentence inquiry by the court. The hearing transcript reveals the following, very limited, colloquy prior to the imposition of sentence:

> THE COURT: All right, Mr. Knight, anything you want to say to me today?
>
> [APPELLANT]: Yes. You know, I violated and I take full responsibility for violating. Right now I'm sentenced to 9 to 20 years and I'm using this time to get my life together because I was young and I made mistakes. And, I have two kids, and I just want to do what I need to do to get back out there to my kids and my family. I know what I did and I take full responsibility. I was wrong. And, I like said, I apologize to the Court, Your Honor.
>
> [COMMONWEALTH]: If I may, Your Honor? [Appellant] went with another male to a Best Buy and held the manager at gunpoint and actually tied up several employees using plastic zip ties, Your Honor, and demanded money and that someone open the safe.

*(Footnote Continued)* ————————————

and forced to reveal the location of the safe." TCO at 2. We are unable to locate the "Gagnon-II Summary" in the record and, therefore, are unable to identify what information is contained in the summary. Moreover, from the court's opinion, it seems that the summary may have only detailed the facts of Appellant's new offense; nothing in the court's opinion indicates what character or background information about Appellant was provided. In the event that the trial court may be referring to the transcript from the June 27, 2013 sentencing hearing, we note that the information contained therein is very limited and is not sufficient to enable the court to issue a proper individualized sentence.

THE COURT: Is there anything you'd like to say?

[APPELLANT'S COUNSEL]: Your Honor, I don't disagree with the Commonwealth, but Mr. Knight was sentenced to a very serious amount of time for it. He'll be doing the next 9 to 20 years in custody allowing for another 7 years, at least, for supervision after that. Which will take his supervision into his 50's. I think it's a very serious sentence.

N.T. Sentencing, 6/27/13, at 3-4. The court did not ask any additional questions of Appellant, nor did the court offer any explanation for its decision not to order a PSI.[3]

The foregoing colloquy merely restates the facts of the crime underlying Appellant's probation violation and focuses on the seriousness of that new crime for which Appellant had already been sentenced. It provides very little information regarding Appellant's background or character and is insufficient to take the place of a PSI report. In **Flowers**, even though the trial court had previous contact with the appellant at his original sentencing, we found the court's consideration on the record of only factors germane to either his original offense or his current violation of probation insufficient to replace the thoroughness of a properly crafted PSI report, and we vacated the judgment of sentence and remanded for re-sentencing. **Flowers**, 950 A.2d at 334. Similarly, in **Hill**, we found the trial court's colloquy

_____

[3] We find it worthy to note that the judge presiding over Appellant's revocation/resentencing hearing inherited Appellant's case from the Honorable Shreeves-Johns, who had presided over the prior proceedings in this case; thus, we cannot presume that the current judge was familiar with Appellant's background and character from prior dealings with him.

inadequate to replace a PSI report where the court did not examine the social and family history of the appellant, beyond counsel's statement that the appellant had a grandson, and where the court failed to inquire about the appellant's employment background, education, mental status, medical history, residence, participation in social programs, or his interests and activities. *Hill*, 761 A.2d at 1192. We conclude that the trial court's failure to order a PSI report or to conduct an appropriate pre-sentence inquiry in the present case is comparable to *Flowers* and *Hill*, and constituted an abuse of discretion. *See Flowers*, 950 A.2d at 334 (finding an abuse of discretion by the trial court for failure to order a PSI report).

Appellant further argues that his sentence should be vacated because the trial court failed to state any reason on the record for the sentence it imposed. Appellant's Brief at 8, 10. We have stated, "in all cases where the court resentences an offender following revocation of probation … the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed and failure to comply with these provisions shall be grounds for vacating the sentence or resentence and resentencing the defendant." *Commonwealth v. Colon*, 102 A.3d 1033, 1044 (Pa. Super. 2014) (quoting *Commonwealth v. Cartrette*, 83 A.3d 1030, 1040-41 (Pa. Super. 2013). *See also Commonwealth v. Aldinger*, 436 A.2d 1196 (Pa. Super. 1981) (stating that a trial court must state its reasons on the record when it imposes sentence following revocation of probation).

In **Commonwealth v. Riggins**, 377 A.2d 140 (Pa. Super. 1977), we set forth in depth the reasons for this requirement. We reiterate, in part, as follows:

> The benefits of requiring the trial court to state its reasons for the imposition of its sentence are manifold: First, requiring the trial court to articulate its reasons for selecting a sentence will promote more thoughtful consideration of relevant facts and will help rationalize the sentencing process. It will safeguard against arbitrary decisions and prevent consideration of improper and irrelevant factors. It will minimize the risk of reliance upon inaccurate information contained in the presentence report. … Finally, a statement of reasons will be invaluable in aiding appellate courts to ascertain whether the sentence imposed was based upon accurate, sufficient and proper information.

**Id.**, at 147-148.

Additionally, we have noted that the reasons stated for a sentence imposed should reflect the court's consideration of the criteria of the Sentencing Code, 42 Pa. C.S. § 9701 *et seq.*, the circumstances of the offense, and the character of the offender. **Commonwealth v. DeLuca**, 418 A.2d 669, 670 (Pa. Super. 1980). Although the sentencing court need not undertake a lengthy disclosure of its reasons for imposing a sentence, or specifically reference the statute in question, the record as a whole must reflect the court's consideration of the facts of the crime and character of the offender. **Colon**, 102 A.3d at 1044.

In the case at bar, the trial court failed to state *any reason* whatsoever on the record for the sentence imposed on Appellant. After hearing very

limited statements at the sentencing hearing from Appellant, his probation

officer, and the Commonwealth, the transcript merely reflects the following:

> THE COURT:  All right.
>
> (A discussion is held off the record.)
>
> THE COURT:  The sentence of this [c]ourt is two and a half to five years, then, to run consecutive.
>
> [APPELLANT'S COUNSEL]:  Mr. Knight, the [c]ourt did give you two and a half to five years on your probation cases, it run[s] consecutive[] to the 9 years you're now serving.  If you would like the [c]ourt to reconsider, you will have to file it in 30 days with the Public Defender's Office.  If you would [ ] like me to file the reconsideration or appeal, Mr. Knight –
>
> [APPELLANT]:  Yes, I'd like a reconsideration, because I feel as though that the sentence –
>
> [APPELLANT'S COUNSEL]:  Mr. Knight, it's your right to have me file for reconsideration for you.
>
> THE COURT:  Okay.  Thank you.
>
> (Matter concluded.)

N.T. Sentencing at 4-5.  We have no way of knowing what was discussed off

the record.  Regardless, the trial court is required to state its reason for the

judgment of sentence imposed *on the record*, which it clearly did not do.[4]

_____

[4] We note that the only reason stated by the trial court for the sentence imposed was given after-the-fact in its Rule 1925(a) opinion:

> Appellant was arrested for an egregious crime as aforementioned, while on probation for various theft charges. He pled guilty to Robbery and Conspiracy charges and this court used its discretion in deciding that confinement was necessary for the protection of the general public.  [Appellant's] conduct demonstrated to the [c]ourt that he is a danger to the

*(Footnote Continued Next Page)*

J-S68006-15

In ***Commonwealth v. Mathews***, 486 A.2d 495 (Pa. Super. 1984), the reasons given by the trial court for the sentence imposed indicated that the court sufficiently considered the sentencing criteria. However, because the reasons for the sentence gave no indication that the court had also considered the character of the defendant, or the circumstances of the offense for which he was sentenced, we reversed the trial court's decision and remanded for resentencing. ***Id.*** at 498. In the case at bar, the trial court did not give *any* reason for its sentence. ***See Commonwealth v. Riggins***, 377 A.2d 140, 474 Pa. 115 (1977) (vacating the judgment of sentence and remanding the case for resentencing because no reasons appeared on the record supporting the imposition of the sentence imposed). Accordingly, we are constrained to vacate the judgment of sentence.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judge Donohue joins this memorandum.

Judge Mundy files a dissenting statement.

*(Footnote Continued)* ────────────────

community and would pose a significant threat to society if not incarcerated for a substantial period of time.

TCO at 3. The trial court seems to focus solely on the new crime committed by Appellant, for which he had already been sentenced 9 to 20 years' imprisonment, rather than on the seriousness of the original crimes for which his probation was imposed, or any of the other appropriate sentencing factors.

- 13 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/15/2015</u>