J-S21004-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| OMAR JOEL BARRERA-MARRERO | : | |
| | : | |
| Appellant | : | No. 1659 MDA 2021 |

Appeal from the Judgment of Sentence Entered November 10, 2021
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0005097-2016

BEFORE:   DUBOW, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY DUBOW, J.:                       **FILED JULY 29, 2022**

Appellant, Omar Joel Barrera-Marrero, appeals from the Judgment of Sentence entered on November 10, 2021, following revocation of his probation. Appellant challenges the discretionary aspects of his sentence. After careful review, we affirm.

On April 6, 2017, Appellant pleaded guilty to one count each of Aggravated Indecent Assault, Indecent Exposure, Invasion of Privacy, and Indecent Assault, and two counts each of Unlawful Contact with a Minor and Corruption of Minors.[1] The court sentenced Appellant to an aggregate sentence of 364 to 729 days' incarceration followed by ten years' probation. As part of the probation aspect of Appellant's sentence, the court ordered

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3125(a)(7), 3127(a), 7507.1(a)(1), 3126(a)(7), 6318(a)(1), and 6301(a)(1)(i), respectively.

Appellant to complete sex offender therapy. Appellant was released on parole in July 2017, and probation began in September 2018.[2]

From July 2017 to May 2021, Appellant missed numerous therapy sessions. In May 2021, Appellant developed a cocaine addiction, causing him to miss additional sessions. As a result, on July 2, 2021, Appellant was unsuccessfully discharged from court ordered sex offender therapy.

On July 5, 2021, the Commonwealth filed a Petition to File *Capias* – Non-Custodial Status[3] requesting that the court place Appellant "on non-custodial status pending a violation hearing." Petition to File *Capias*, 7/5/21, at ¶ 5. On July 15, 2021, the court granted the Commonwealth's petition, placing Appellant on non-custodial status contingent on his completion of inpatient drug rehabilitation treatment. Appellant entered the treatment facility on July 20, 2021, but left the facility two days later, on July 22, 2021, without completing the program.

On July 28, 2021, the Commonwealth filed a petition requesting that the court revoke Appellant's non-custodial status and issue a bench warrant for

---

[2] Appellant received credit for time served from September 19, 2016, to sentencing in April 2017 and, therefore the incarceration aspect of his sentence expired on September 18, 2018.

[3] A *capias*, as used in this context, is a writ requiring a government official to bring a probationer to court to answer for an alleged probation violation. **Commonwealth v. Sierra**, 752 A.2d 910, 911 n.2 (Pa. Super. 2000), *overruled on other grounds by* **Commonwealth v. Simmons**, 262 A.3d 512 (Pa. Super. 2021) (*en banc*). A non-custodial *capias* alerts the court to an alleged probation violation without a concurrent request that any government official arrest the probationer.

Appellant's arrest. The court granted the order on the same day and issued a bench warrant.

On August 20, 2021, the court held a violation of probation ("VOP") hearing at which it found Appellant in violation and revoked Appellant's probation.[4] The court deferred sentencing for completion of a pre-sentence investigation ("PSI") report. On November 10, 2021, after reviewing the PSI report and a probation violation summary, and hearing argument from counsel for Appellant and the Commonwealth, the court sentenced Appellant to an aggregate term of 22 months to 7 years' incarceration.

Appellant filed a timely post-sentence motion requesting modification of his sentence. He argued that the court abused its discretion by imposing a "manifestly excessive and clearly unreasonable [sentence that] does not adequately consider the nature of the first technical violation, the mitigating circumstances, and the availability of community-based treatment." Post-Sentence Motion, 11/22/21, at ¶ 6. The court denied Appellant's motion.

Appellant timely filed a Notice of Appeal and both he and the trial court complied with Pa.R.A.P. 1925. Appellant raises a single issue for our review:

> Was an aggregate sentence of twenty-two months to seven years' incarceration, followed by five consecutive years of probation,

---

[4] In its original sentence following Appellant's guilty plea, the court imposed two consecutive five-year terms of probation. The instant violation occurred while Appellant was serving his first probationary term. The VOP court revoked only Appellant's first term of probation. N.T. Sentencing, 11/10/21, at 16. The second term "remain[ed] in place" and became part of Appellant's VOP sentence. *Id.*

manifestly excessive under the circumstances and an abuse of the trial court's discretion?

Appellant's Br. at 9.

Appellant challenges the discretionary aspects of his VOP sentence. An appellant is not entitled to review of the discretionary aspects of a sentence as of right; rather, a challenge in this regard is properly viewed as a petition for allowance of appeal. 42 Pa.C.S. § 9781(b); **Commonwealth v. Tuladziecki**, 522 A.2d 17, 18-19 (Pa. 1987); **Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1265 (Pa. Super. 2014).

An appellant challenging the discretionary aspects of his sentence must satisfy a four-part test; the appellant must have: (1) filed a timely notice of appeal; (2) preserved the issue at sentencing or in a motion to reconsider and modify sentence; (3) included in his brief a concise statement of the reasons relied upon for allowance of appeal as required by Pa.R.A.P. 2119(f); and (4) included in the concise statement a substantial question that the sentence is appropriate under the Sentencing Code. **Commonwealth v. Carrillo-Diaz**, 64 A.3d 722, 725 (Pa. Super. 2013).

In the instant case, Appellant timely appealed, preserved his issue by filing a post-sentence motion to reconsider sentence, and included in his brief a Rule 2119(f) Statement. Additionally, in his Rule 2119(f) Statement Appellant asserts that the VOP court abused its discretion by sentencing him to total confinement—an allegedly excessive sentence for a technical probation violation—without due consideration to the sentencing factors set forth in 42 Pa.C.S. §§ 9725 and 9771, particularly Appellant's rehabilitative

- 4 -

needs. Appellant's Br. at 17-20 This raises a substantial question for our review. ***See Commonwealth v. Crump***, 995 A.2d 1280, 1282 (Pa. Super. 2010) (recognizing substantial question where appellant asserted that "trial court abused its discretion in imposing a sentence of total confinement for technical violations of probation"); ***Commonwealth v. Schroat***, 272 A.3d 523, 527 (Pa. Super. 2022) (recognizing substantial question where appellant asserted that sentencing court imposed excessive sentence and failed to consider relevant sentencing factors, including rehabilitative needs).

Having determined that Appellant has raised a substantial question, we proceed to address the merits of Appellant's issue. Appellant essentially argues that his term of incarceration was excessive because it was not necessary to vindicate the court's authority, and that the court imposed the term of incarceration without giving proper weight to Appellant's need for drug rehabilitation. Appellant's Br. at 22-29.

We review this issue cognizant that sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. ***Commonwealth v. Zirkle***, 107 A.3d 127, 132 (Pa. Super. 2014).

> In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Id.*** (citation omitted).

When a court revokes a defendant's probation and imposes a new sentence, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S. § 9771(b). To impose a sentence of total confinement, one of the following conditions must exist:

1. the defendant has been convicted of another crime; or

2. the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

3. such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c).

Additionally, a VOP court must consider the general sentencing principles under 42 Pa.C.S. §§ 9721(b) and 9725. **Commonwealth v. Derry**, 150 A.3d 987, 991 (Pa. Super. 2016); **Commonwealth v. Mathews**, 486 A.2d 495, 497-98 (Pa. Super. 1984). When a court orders a PSI, however, we "presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Conte**, 198 A.3d 1169, 1177 (Pa. Super. 2018) (citation omitted).

In the instant case, the VOP court indicated at sentencing that it "read the presentence investigation report [and] probation violation summary." N.T. Sentencing at 2. The court also heard argument from counsel for Appellant and the Commonwealth, which related primarily to Appellant's rehabilitative

needs. *See id.* at 2-9. After reviewing the PSI and hearing from counsel, the court imposed a sentence of total confinement. *Id.* at 15-17. The court explained that it sentenced Appellant to total confinement "to vindicate the authority of the court." Trial Ct. Op., 3/3/22, at 4. It opined:

> Appellant demonstrated an unwillingness to participate in [] one of the most essential terms of his probation, sexual offender treatment, in the four and a half years since his original sentence. Instead of taking advantage of the opportunity for self-betterment and protection of the community, Appellant continued to abuse alcohol and started a cocaine addiction while on probation. This court is well aware of the hardships that accompany drug and alcohol addiction, and when Appellant was unable to participate in mandated sexual offender treatment due to his addictions, he was given the opportunity to participate in inpatient drug and alcohol treatment. However, by his own volition, Appellant removed himself from treatment because he was uncomfortable; an explanation of which has not been offered by Appellant.

*Id.* at 4-5.

Our review of the record supports the VOP court's disposition. The court adequately considered all relevant sentencing factors before imposing a term of total confinement to vindicate the court's authority, as permitted by Section 9771(c)(3). Having found that the court sentenced Appellant pursuant to the applicable provisions of the Sentencing Code, we discern no abuse of the VOP court's discretion and affirm Appellant's sentence.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/29/2022