J-S70015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SHAWN MILLER | : | |
| | : | |
| Appellant | : | No. 882 MDA 2017 |

Appeal from the Judgment of Sentence May 4, 2017
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s):  CP-40-CR-0000120-2015

BEFORE:  GANTMAN, P.J., SHOGAN, J., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED NOVEMBER 28, 2017**

Appellant, Shawn Miller, appeals from the judgment of sentence entered in the Luzerne County Court of Common Pleas, following revocation of his probation.  We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows. On May 18, 2015, Appellant pled guilty to illegal dumping of methamphetamine waste at docket number CP-40-CR-0000120-2015; and on September 30, 2015, Appellant pled guilty to theft by unlawful taking at docket number CP-40-CR-0000840-2015.[1]  The court sentenced Appellant on December 9, 2015, to fifteen (15) to thirty (30) months' imprisonment plus two (2) years' probation at docket number 120-2015, to run

---

[1] 18 Pa.C.S.A. §§ 3313(a), 3921(a), respectively.

concurrently with a sentence of eight (8) to sixteen (16) months' imprisonment plus twelve (12) months' probation at docket number 840-2015.

The court held a revocation of probation hearing on May 4, 2017. At the hearing, Appellant admitted he had violated his probation at both dockets by possessing drug paraphernalia. The court resentenced Appellant to two (2) to four (4) years' imprisonment at docket number 120-2015, and one (1) year of probation at docket number 840-2015. On May 12, 2017, Appellant filed a *pro se* motion for reconsideration and a *pro se* notice of appeal; and Appellant's counsel also filed a motion for reconsideration. The court denied Appellant's counseled motion for reconsideration on May 15, 2017, and counsel timely filed a notice of appeal on Appellant's behalf that same day. On May 26, 2017, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied. This Court dismissed Appellant's *pro se* notice of appeal as duplicative on June 22, 2017. Counsel filed a motion to withdraw and an **Anders** brief on August 28, 2017.

As a preliminary matter, appellate counsel seeks to withdraw his representation pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: 1) petition the Court for leave to withdraw, certifying that after a thorough

review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. ***Santiago, supra*** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1290 (Pa.Super. 2007). "After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." ***Commonwealth v. Palm***, 903 A.2d 1244, 1246 (Pa.Super. 2006) (quoting ***Commonwealth v. Townsend***, 693 A.2d 980, 982 (Pa.Super. 1997)).

In ***Santiago, supra***, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither ***Anders*** nor ***McClendon***[2] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under ***Anders*** are references to anything in the record that might arguably support the appeal.
>
> *     *     *

---

[2] ***Commonwealth v. McClendon***, 495 Pa. 467, 434 A.2d 1185 (1981).

- 3 -

Under ***Anders***, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

***Santiago, supra*** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

[I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Id.*** at 178-79, 978 A.2d at 361.

Instantly, appellate counsel filed a petition for leave to withdraw. The petition states counsel performed a conscientious review of the record and concluded the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of the withdrawal petition, the brief, and a letter explaining Appellant's right to proceed *pro se* or with new privately-retained counsel to raise any additional points Appellant deems worthy of this Court's attention. In his ***Anders*** brief, counsel provides a summary of the facts and procedural history of the case. Counsel refers to facts in the record that might arguably support the issue raised on appeal and offers citations to relevant law. The brief also provides counsel's reasons for concluding that the appeal is frivolous. Thus, counsel has substantially complied with the requirements of ***Anders*** and ***Santiago***.

- 4 -

Appellant has filed neither a *pro se* brief nor a counseled brief with new privately-retained counsel; we will review the issue raised in the *Anders* brief:

> WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING APPELLANT.

(*Anders* Brief at 5).

When reviewing the outcome of a revocation proceeding, this Court is limited to determining the validity of the proceeding, the legality of the judgment of sentence imposed, and the discretionary aspects of sentencing. *Commonwealth v. Cartrette*, 83 A.3d 1031, 1033-34 (Pa.Super. 2013) (*en banc*) (explaining that, notwithstanding prior decisions which stated our scope of review in revocation proceedings is limited to validity of proceedings and legality of sentence, appellate review of revocation sentence can also include discretionary sentencing challenges).

Appellant argues the court failed to consider as mitigating factors his drug addiction and the fact that he turned himself in to the authorities. Appellant complains the court abused its discretion when it resentenced Appellant following revocation of probation. As presented, Appellant's issue challenges the discretionary aspects of his sentence.[3] *See Commonwealth v. Lutes*, 793 A.2d 949 (Pa.Super. 2002) (explaining claim that sentence is

---

[3] Appellant preserved this claim in his motion for reconsideration of sentence and counsel included a statement pursuant to Pa.R.A.P. 2119(f) in his *Anders* brief.

manifestly excessive challenges discretionary aspects of sentencing); ***Commonwealth v. Cruz-Centeno***, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (stating allegation court ignored mitigating factors challenges discretionary aspects of sentencing).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. ***Commonwealth v. Mouzon***, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). This Court must evaluate what constitutes a substantial question on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825 (Pa.Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Sierra***, 752 A.2d 910, 913 (Pa.Super. 2000).

A claim of excessiveness can raise a substantial question as to the appropriateness of a sentence under the Sentencing Code, even if the sentence is within the statutory limits. ***Mouzon, supra*** at 430, 812 A.2d at 624. Bald allegations of excessiveness, however, do not raise a substantial question to warrant appellate review. ***Id.*** at 435, 812 A.2d at 627. Rather, a substantial question exists "only where the appellant's Rule 2119(f)

statement sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process…." *Id. See, e.g., Cartrette, supra* (indicating claim that revocation court ignored appropriate sentencing factors raises substantial question). An allegation that the sentencing court failed to consider a specific mitigating factor, however, does not necessarily raise a substantial question. *Commonwealth v. Berry*, 785 A.2d 994 (Pa.Super. 2001) (holding claim that sentencing court ignored appellant's rehabilitative needs failed to raise substantial question).

In the context of probation revocation and resentencing, the Sentencing Code provides, in pertinent part:

> **§ 9771. Modification or revocation of order of probation**
>
> **(a) General rule.**—The court may at any time terminate continued supervision or lessen or increase the conditions upon which an order of probation has been imposed.
>
> **(b) Revocation.**—The court may revoke an order of probation upon proof of the violation of specified conditions of the probation. Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.
>
> **(c) Limitation on sentence of total confinement.**—The court shall not impose a sentence of total confinement upon revocation unless it finds that:

> (1)   the defendant has been convicted of another crime; or
>
> (2)   the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3)   such a sentence is essential to vindicate the authority of the court.
>
> *    *    *

42 Pa.C.S.A. § 9771(a)-(c).   "The reason for revocation of probation need not necessarily be the commission of or conviction for subsequent criminal conduct.   Rather, this Court has repeatedly acknowledged the very broad standard that sentencing courts must use in determining whether probation has been violated."   **Commonwealth v. Colon**, 102 A.3d 1033, 1041 (Pa.Super. 2014), *appeal denied*, 631 Pa. 710, 109 A.3d 678 (2015).

"[T]he revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion."   **Commonwealth v. MacGregor**, 912 A.2d 315, 317 (Pa.Super. 2006).   **See also Commonwealth v. Hoover**, 909 A.2d 321, 322 (Pa.Super. 2006).   Following the revocation of probation, the court may impose a sentence of total confinement if any of the following conditions exist: the defendant has been convicted of another crime; the conduct of the defendant indicates it is likely he will commit another crime if he is not imprisoned; or, such a sentence is essential to vindicate the authority of the

court. **See** 42 Pa.C.S.A. § 9771(c). The Sentencing Guidelines do not apply to sentences imposed following a revocation of probation. **Commonwealth v. Ferguson**, 893 A.2d 735, 739 (Pa.Super. 2006), *appeal denied*, 588 Pa. 788, 906 A.2d 1196 (2006). The record as a whole can be used to evaluate the sentencing court's consideration of the facts of the case and the defendant's character. **Commonwealth v. Crump**, 995 A.2d 1280, 1283 (Pa.Super. 2010), *appeal denied*, 608 Pa. 661, 13 A.3d 475 (2010). **See also Commonwealth v. Carrillo-Diaz**, 64 A.3d 722 (Pa.Super. 2013) (explaining where revocation court presided over defendant's no contest plea hearing and original sentencing, as well as his probation revocation hearing and sentencing, court had sufficient information to evaluate circumstances of offense and character of defendant when sentencing following revocation).

Instantly, Appellant's complaint that the sentencing court did not adequately consider specific mitigating factors (his history of drug abuse and that he turned himself in to the authorities) and his bald claim of sentence excessiveness arguably do not raise substantial questions meriting review. **See Mouzon, supra**. Nevertheless, we observe the court initially sentenced Appellant on December 9, 2015, to an aggregate sentence of fifteen to thirty months' incarceration plus two years' probation for both docket numbers. Appellant violated his probation by possessing drug paraphernalia, which he admitted at the revocation hearing on May 4, 2017. When the court revoked Appellant's probation, defense counsel asked the court to consider a

sentence lower than a state sentence. The court rejected defense counsel's request, explaining parole and probation had not worked for Appellant, considering his criminal record of eighteen prior revocations and twenty-one guilty pleas. The court indicated it had given Appellant a chance to reform that Appellant simply did not take. The court resentenced Appellant to two (2) to four (4) years' imprisonment at docket number 120-2015, and one (1) year of probation at docket number 840-2015. The judge who presided over Appellant's probation revocation hearing was the same jurist who had presided over Appellant's initial bench trial and sentencing, so the court had sufficient information to evaluate the circumstances of Appellant's case as well as his character. *See Carrillo-Diaz, supra*. The record confirms the court imposed a sentence of total confinement consistent with Section 9771(c). *See* 42 Pa.C.S.A. § 9771(c). *See also Commonwealth v. Malovich*, 903 A.2d 1247 (Pa.Super. 2006) (holding record evidenced that court imposed sentence of total confinement following revocation of appellant's probation to vindicate court's authority, where appellant had not complied with previous judicial efforts such as drug court, had not "been putting anything into" court-imposed rehabilitation efforts, and it was important for appellant to appreciate seriousness of his actions; record as whole reflected court's reasons for sentencing as well as court's consideration of circumstances of appellant's case and character); *Commonwealth v. Cappellini*, 690 A.2d 1220 (Pa.Super. 1997) (holding

appellant's continued drug use as well as his resistance to treatment and supervision, was sufficient for court to determine appellant would likely commit another crime if not incarcerated); *Commonwealth v. Aldinger*, 436 A.2d 1196 (1981) (explaining sentence of total confinement was proper where record reflected appellant had violated probation by using drugs; court considered circumstances giving rise to revocation proceeding and appellant's character).

Moreover, in its opinion, the trial court correctly analyzed and discussed Appellant's issue as follows:

> At the resentencing hearing, a colloquy was conducted and the Pre–Sentence Investigation (PSI) was discussed. The Commonwealth argued that [Appellant] should be sentenced to a state sentence. The Commonwealth further asserted that [Appellant] has an extensive record and anything less than state sentence would be less than he already had received in the first instance.
>
> [Appellant's counsel] contends that [Appellant] had turned himself in and is taking full responsibility for both of the revocations by admitting to them. [Appellant's counsel] further asserted that [Appellant] has taken responsibility for his actions and this change in his attitude and behavior is important and should be considered.
>
> The record further establishes the following sentencing factors that were reviewed and considered:
>
>> THE COURT:      Your Pre-Sentence Investigation is just filled with treatment option after treatment option, IPP, parole, inpatient, outpatient, DRC and the majority of these do involve drug use. There's no doubt, you're fortunate you're still alive because the majority of these involved crimes that involve drugs. ... My fear is that the Pre-Sentence investigation from [two years] ago...has very serious

charges. Driving while you're drunk, heroin needles in the car, high speed chases with the police, risking catastrophe by covering yourself in gasoline, in an apartment when the police come in and find you. It's frightening when we read so many residences that you broke into...people's homes you broke into. You've had so many treatments throughout the course of this. You've had revocations of parole. You violated [your] parole when you got arrested and tested positive for valium, for methadone. You were arrested for driving with false ID, and having four syringes, a spoon and heroin. The list goes on and on and for the majority of these, you're on parole or probation while it's still happening. You have to get serious about it, sir, because you're living on borrowed time because this is your whole life...page after page.

Here, the Sentencing Court has clearly and expressly complied with the requirements of 42 Pa.C.S. § 9721(b) by imposing a sentence that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. The record demonstrates a complete review of [Appellant's] past, the crimes committed and the impact on society.

Accordingly, no meritorious issues for appeal exist with regard to [Appellant's] alleged [errors] complained of on appeal.

(Trial Court Opinion, filed June 23, 2017, at 5-6) (internal citations omitted).

Following our independent review of the record, we conclude the appeal is wholly frivolous. **See Palm, supra**. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/28/2017