J-A21012-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHNNIE MIDDOUGH | : | |
| | : | |
| Appellant | : | No. 2817 EDA 2017 |

Appeal from the Judgment of Sentence July 31, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0001661-2013

BEFORE:  PANELLA, J., OLSON, J., and McLAUGHLIN, J.

MEMORANDUM BY PANELLA, J.                    **FILED MARCH 05, 2019**

Appellant, Johnnie Middough, challenges the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his convictions for insurance fraud and related offenses. We previously remanded this case for the trial court to determine Appellant's eligibility for appointed counsel. In light of the trial court's failure to do so, we again remand.

Briefly, Appellant entered a no-contest plea to attempted theft by deception and insurance fraud. Based on this plea, the Commonwealth withdrew several other charges. Appellant submitted to a plea colloquy, and the court ordered a pre-sentence investigation report and a mental health evaluation. Before sentencing, Appellant filed a motion to withdraw his plea, which the court granted. Appellant thereafter entered an open guilty plea to

attempted theft by deception, insurance fraud, and criminal conspiracy.[1] The court sentenced him to 5 years' probation.

Appellant filed a timely, *pro se* notice of appeal. Appellant's counsel filed a motion to withdraw from representation, stating Appellant had decided to appeal against counsel's advice and indicated Appellant was "unable to hire counsel at this time for his appeal." Motion to Withdraw as Counsel, filed 10/18/17, at 1. In an order, this Court granted counsel's motion to withdraw and remanded the case to the trial court, directing:

> The Appellant's "Motion To Withdraw As Counsel," filed by Geoffrey Vincent Seay Esq., is GRANTED. The trial court is directed to determine the Appellant's eligibility for court-appointed counsel within sixty (60) days of the date that this Order is filed. If the Appellant is found to be eligible, then the trial court shall appoint counsel for the Appellant in connection with this appeal. The trial court shall immediately notify the Prothonotary of this Court of the appointment. If the Appellant is found to be ineligible for court-appointed counsel, then the Appellant shall notify this Court within twenty (20) days of the notification of ineligibility whether he intends to retain new counsel or to represent himself on appeal.

Order, filed 11/20/17, at 1.

On remand, the court had the following discussion with Appellant during what the docket refers to as a ***Grazier***[2] hearing:

\* \* \*

> The court: [Appellant], we talked for a minute, off the record, about your appeal and I ask[ed] you if you wanted to represent

---

[1] 18 Pa.C.S.A. §§ 901(a); 4117(a)(1); and 903(a)(1), respectively.

[2] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

yourself. And you indicated that you looked at your records from your attorney and you said, "You did me justice."

[Appellant]: Yes.

The court: And that you thought I treated you fairly and gave you [a] fair sentence. Correct?

[Appellant]: I think you did the best you could, that's all.

The court: Exactly. So knowing that, do you still wish to continue your appeal?

[Appellant]: No, ma'am.

The court: Okay. So I'll use the notes of testimony to reflect the fact that you are saying under oath you no longer wish [to] continue your appeal and I will write an opinion that reflects that.

\* \* \*

N.T. Hearing, 12/14/17, at 8.

There is no additional information in the record responding to our query about Appellant's eligibility for appointed counsel. Rather, the trial court asks us to quash this appeal based on Appellant's purported request to discontinue his appeal.

"The accused can waive his right to appeal if the waiver is an intentional relinquishment or abandonment of a known right … but a finding of waiver is not to be made lightly and [] every reasonable presumption against a waiver will be indulged[.]" **Commonwealth v. Wallace**, 323 A.2d 182, 183 (Pa. Super. 1974) (citations omitted).

Further, an appellant challenging his conviction on direct review has a constitutional right to counsel. **See Commonwealth v. Wrecks**, 931 A.2d

- 3 -

717, 722 (Pa. Super. 2007). An appellant may waive his right to counsel at the appellate stage, after employing the assistance of counsel at trial, but "an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one." **Grazier**, 713 A.2d at 82 (citations omitted).

Here, we remanded for a determination of whether Appellant was eligible for appointed counsel, following the withdrawal of Appellant's plea counsel. Clearly, the trial court did not comply with our directive. Instead, the trial court made an off-the-record inquiry of Appellant's wish to proceed with his appeal,[3] after which Appellant filed a *pro se* appellate brief.[4]

Therefore, we again remand and instruct the trial court to determine Appellant's eligibility for appointed counsel. If Appellant is eligible, we direct the court to appoint counsel. If Appellant wishes to waive his right to counsel,

---

[3] Appellant has not filed a motion to discontinue his appeal with this Court. **See** Pa.R.A.P. 1973 (explaining procedure for discontinuance). And, we note the trial court was not in any position to grant such a motion, were it made, having been divested of its jurisdiction by Appellant's notice of appeal save for our limited remand to determine whether Appellant required the appointment of counsel. **See** Pa.R.A.P. 1701 (directing that the trial court may not proceed after an appeal has been taken, except to "[t]ake any action directed or authorized on application by the appellate court").

[4] Appellant's brief is comprised of a single typed page of text addressed to this Court, accompanied by photocopies of various receipts and legal notices of indeterminate relevance. In the single page of text, he appears to challenge the criminality of his actions, though he fails to raise any argument appropriate for our review. **See** Appellant's Brief at 1, unpaginated. It is without question that Appellant's brief does not comply with our Rules of Appellate Procedure. We highlight this failure to remind Appellant of "the pitfalls of proceeding *pro se*." **Commonwealth v. Tighe**, 184 A.3d 560, 575 (Pa. Super. 2018).

the trial court must hold a ***Grazier*** hearing to establish whether Appellant does so knowingly, intelligently, and voluntarily.

Case remanded with instructions. Hearing to be held within sixty days of the date of this memorandum. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/5/19